Nov. Term, 1821.

TANNEHILL
v.
THOMAS.

---

## TANNEHILL *v.* THOMAS.

In an action on a penal bond, conditioned for the performance of covenants, if the plaintiff obtain judgment by default or on demurrer, the damages should be assessed by a jury. But if the action be on a promissory note or bill of exchange, or on a covenant for the payment of a sum certain, the damages may be assessed by the Court.

Thursday, November 8.

ERROR to the *Jefferson* Circuit Court.—Debt on a bond with a penalty of 224 dollars, conditioned for the conveyance of real estate. To the declaration, in which the breaches were assigned, there was a demurrer; but no joinder in demurrer. Leave was asked to withdraw the demurrer, though it does not

appear to have been withdrawn. Final judgment for the plaintiff below, the defendant in error, without a writ of inquiry, for 124 dollars debt, with interest and costs.

Nov. Term, 1821.

TANNEHILL
v.
THOMAS.

BLACKFORD, J.—This judgment is not regularly on demurrer or by default. But supposing that to have been the case, the final judgment should not have been rendered without awarding a writ of inquiry. Where judgments on demurrer or by default are for the plaintiff, in actions on promissory notes and bills of exchange, or on covenants for the payment of a sum certain, the damages may be assessed without the intervention of a jury; because, in such cases, the quantum of damages depends upon figures, and if the calculation be correct, the result must be the same whether the assessment be made by the Court or by a jury. Doug. 315.—1 H. Bl. 252, 529, 541.—4 T. R. 275 (1). The present case however is of a very different kind. Here the bond upon which the suit was founded, is for the performance of covenants. In such a case, the statute expressly requires that the damages for the breaches assigned should be assessed by a jury. Clark et al. v. Goodwin, July term, 1820. —Stat. 1817, p.37.—1 Will. Saund. 58, note (2).

Per Curiam.—The judgment is reversed, and the proceedings subsequent to the demurrer are set aside, with costs. Cause remanded, &c.

Sullivan, for the plaintiff.

Dewey, for the defendant.

(1) Stat. 1823, p. 297.—Holdipp v. Otway, 2 Will. Saund. 106, and note 2. Renner v. Marshall, 1 Wheat. 215, and note. So in covenant for mortgage money, Berthen v. Street, 8 T. R. 326, or for non-payment of rent, Byrom v. Johnson, ib. 410, Campion v. Crawshay, 6 Taunt. 356. But the law is otherwise in debt on simple contract for rent or use and occupation, Campion v. Crawshay, supra; and in assumpsit or debt for foreign money, Maunsell v. Massareene, 5 T. R. 87, Arden v. Connell, 5 Barn. and Ald. 885; and in actions on foreign judgments, Messin v. Massareene, 4 T. R. 493. In Louisiana, however, where questions of fact in civil cases are tried by the Court unless either of the parties demand a jury, if an action be brought on a judgment rendered in another state, the interest on that judgment may be computed and made part of the judgment in Louisiana, without a writ of inquiry and the intervention of a jury. Mayhew v. Thatcher, 6 Wheat. 129.

(2) Vide note 3 to Clark v. Goodwin, cited in the text. Ante, p.76.