GLIDEWELL<br>v.<br>M'GAUGHEY.

(1) Vide R. C. 1831, p. 318.

---

## GLIDEWELL and Another *v.* M'GAUGHEY.

On overruling a demurrer to a declaration, in an action on a penal bond conditioned for the performance of covenants, in which declaration the breaches are assigned, the order of the Court is,—that the plaintiff ought to recover his said debt and his damages on occasion of the detention thereof; but that judgment should not be given until the truth of the breaches assigned is inquired into, and the damages are assessed.

After this, if the Court, by agreement of the parties, have inquired into the damages, the opinion is given and entered,—that the plaintiff has sustained damages, by reason of the breaches assigned, to the amount of ———.

The next and last steps to be taken are, the rendition of the final judgment for the debt in the declaration mentioned with costs; and the award of execution for the damages assessed with costs.

If a capias ad respondendum be issued against two, and be executed on one only, the suit abates as to the other on whom the writ was not served; and no judgment can be rendered against him.

A declaration on a bond for security for costs, stating that the plaintiff sues for himself *and others, officers of the Court,* is bad.  Any person interested may sue for himself on the bond, and obtain a judgment for the penalty; and, afterwards, any other person interested may, upon that judgment, have a scire facias.  No one, however, has a right to sue for himself *and others, officers,* &c.

It is not sufficient, in an action on such a bond, to state that the defendant has not paid the costs, without setting out the amount of the costs incurred.

ERROR to the *Putnam* Circuit Court. <span style="float:right">*Tuesday,*<br>*November 30.*</span>

BLACKFORD, J.—This was an action of debt by *M'Gaughey,* clerk of the *Putnam* Circuit Court, against *Saunders* and *Glidewell.*  The declaration commences as follows:—*Arthur M'Gaughey,* clerk of the *Putnam* Circuit Court, complains for himself and others, officers of said Court, who may be interested herein, of *Henry Saunders* and *Robert Glidewell* in custody, &c. of a plea that they render unto the said *M'Gaughey,* clerk as aforesaid, and others, officers of said Court, who may be interested

Nov. Term,
1830.

GLIDEWELL
v.
M'GAUGHEY.

herein, the sum of 300 dollars, &c. The cause of action, as shown in the declaration, is a bond in the penalty of 300 dollars; the condition of which is set out substantially as follows: Whereas *Saunders* has instituted a suit in the *Putnam* Circuit Court against *Boyd*, now if the obligors or either of them pay the costs which may accrue in the case, then the bond to be void. The breach assigned is, that though the suit is determined, the obligors have not, nor has either of them, paid the costs, but have always refused to pay, &c. The writ was executed on *Glidewell*, and retured as to *Saunders*, "not found." The record states that afterwards the parties came by their counsel, and the defendant filed his demurrer and the plaintiff his joinder. The demurrer is signed,—*Robert Glidewell*, defendant. Among other causes of demurrer, the following are assigned:—1st, that the suit is commenced in the name "of *M'Gaughey* and others, without naming those others; 2dly, the amount of costs ought to be exhibited in the declaration. The Court overruled the demurrer, and gave judgment for the debt in the declaration mentioned. But as the amount due was unliquidated, the parties agreed that the same should be ascertained by the Court. Judgment was afterwards rendered by the Court in favour of *M'Gaughey*, against *Saunders* and *Glidewell*, for 26 dollars and 29 cents in debt, together with costs.

The proceedings in this case are very irregular. Supposing the demurrer to be correctly overruled, the judgment for the debt named in the declaration,—viz. the penalty, should not have been rendered at the time it was. On overruling the demurrer, the order of the Court should have been,—that the plaintiff ought to recover his said debt and his damages on occasion of the detention thereof; but that judgment should not be given, until the truth of the breaches assigned are inquired into and the damages assessed. After this, it would have been proper to enter the agreement of the parties referring the assessment to the Court. When the Court had made the necessary inquiry, their opinion should have been given and entered,— that the plaintiff had sustained damages, by reason of the breaches assigned, to the amount of 26 dollars and 29 cents. The next and last step to be taken was, the rendition of the final judgment for the debt in the declaration mentioned, with costs; and the award of execution for the damages assessed with costs. 1

Saund. 58.—3 Chitt. Pl. 280, 287.—*Clark* v. *Goodwin*, July term, 1820 (1). If the irregularities just adverted to did not exist, the final judgment in this case, against both the defendants, would still be erroneous. The writ was returned as to *Saunders*, "not found." The record states, that afterwards the parties came by counsel, and the defendant filed his demurrer. The demurrer is signed by *Glidewell* alone. The fair inference is, that the parties who appeared, were the plaintiff on one side, and the defendant *Glidewell* on the other. The suit must therefore be considered, by the return of the writ, abated as to *Saunders;* and no judgment could be rendered against him.

Independently, however, of the errors in the record subsequent to the overruling of the demurrer, the Court erred in their decision on the demurrer. The words, "for himself and others, officers, &c." should not have been inserted in the declaration. The bond was given under the statute of 1824, as a security for costs. Any person entitled to recover on it, had a right by the statute to put it in suit. The judgment for the penalty would stand as a security; and any other person entitled, might sue out a scire facias on it. No one, however, had a right to claim both for himself and "others, officers," &c. The breach assigned in the declaration is defective. It was not sufficient to aver generally that the defendant had not paid the costs; but the amount of the costs for which the obligors were liable to the plaintiff, should have been shown.— Lawes on Assumpsit, 230. These defects in the declaration are fatal.

*Per Curiam.*—The judgment is reversed, &c. with costs. Cause remanded, &c.

*Wick*, for the plaintiffs.
*Whitcomb*, for the defendant.

(1) Vol. 1. of these Rep. 74.