*Farnham*, for the plaintiff.
*Howk*, for the defendant.

2b 457
184US517

Morris and Another *v.* Price.

A declaration in debt on an attachment-bond, after setting out the bond and condition, averred that the attachment had been sued out, brought to issue, tried, and adjudged to be void, without cause, tortious, and oppressive; and that the plaintiff had been much oppressed, and put to great trouble and expense, in defending himself against said false, feigned, and vexatious proceedings of the defendant. *Held*, on special de-

Nov. Term,
1831.

MORRIS
v.
PRICE.

murrer, that the determination of the attachment-suit, the damages sustained, and the want of cause for the attachment, were set out with sufficient certainty.

*Held*, also, that on the assessment of damages, the demurrer being overruled, evidence of the plaintiff's having paid a fee to an attorney, in the attachment-suit, was admissible.

*Held*, also, that on overruling the demurrer in such case, final judgment should be stayed until the truth of the breaches assigned are inquired into and the damages assessed; and that, after such assessment, final judgment should be rendered for the debt in the declaration mentioned with costs, and execution awarded for the damages assessed with costs.

*Wednesday,
November 9.*

APPEAL from the *Rush* Circuit Court.

STEVENS, J.—This was an action of debt in the *Rush* Circuit Court, brought by the appellee against the appellants, on a penal bond conditioned that the said *Levi Morris* should well, truly, and *bona fide*, prosecute a certain writ of attachment, which he was about suing out of the *Rush* Circuit Court against the goods, chattels, lands, tenements, credits, moneys, and effects of the appellee, and pay to him all damages which he might sustain in consequence of said proceedings on attachment, should the same be adjudged tortious or oppressive. The declaration sets out the bond and condition, and avers that the writ of attachment was sued out, brought to issue, and tried in the *Rush* Circuit Court, and adjudged to be void, without cause, tortious, and oppressive, and that the plaintiff was much oppressed, put to great costs, trouble, and expense, in defending himself against said false, feigned, and vexatious proceedings on attachment of said *Levi.* To this declaration the defendants demurred, and set down as causes of demurrer:—"1st, There is no averment in the declaration that the proceedings on attachment are finally ended; 2d, There is no special averment of any damages having been sustained, above the costs which defendants would be bound by the judgment at law to pay; 3d, There is no averment, that the proceedings on attachment were without just and probable cause." The demurrer was overruled and judgment given for the plaintiff, a writ of inquiry awarded, and damages assessed.

By a bill of exceptions it appears of record, that, after the jury was sworn to assess the damages, the plaintiff offered to prove that he had paid an attorney 10 dollars, to defend him against said writ of attachment; to the introduction of which evidence the defendants objected, but the Court overruled the

objection, and the evidence went to the jury.   The errors com- <span>Nov. Term,</span>
plained of are, 1st, The overruling the demurrer; 2d, The <span>1831.</span>
permitting the evidence set out in the bill of exceptions to go <span>JOHNSON</span>
to the jury; and 3d, The rendition of the judgment in manner <span>v.</span>
and form as it is rendered. <span>HAWKINS.</span>

The whole of the proceedings in this case are somewhat
loose, informal, and irregular, but are all substantially good,
except the rendition of the judgment.   On overruling the de-
murrer, the order of the Court should have been, that the
plaintiff should recover his debt and damages on the occasion
of the detention thereof; but that judgment should not be giv-
en, until the truth of the breaches assigned were inquired into
and the damages assessed.   After that, final judgment should
have been rendered for the plaintiff for the debt in the decla-
ration mentioned with costs, and execution awarded for the
damages assessed with costs.   1 Saunders, 58 and note 1.—
3 Chitt. Pl. 280, 287.—*Clark* v. *Goodwin, July* term, 1820.—
*Glidewell et al.* v. *M·Gaughey, November* term, 1830.—1 Blackf.
Rep. Appendix, 437.

M'KINNEY, J., having been of counsel in the cause, was ab-
sent.

*Per Curiam.*—The judgment is reversed with costs.   Cause
remanded, &c.

*Smith*, for the appellants.
*Wick*, for the appellee.