## SMITH *v.* MYERS.

A judgment against a person who had no notice of the suit, is a nullity.
A misprision of the clerk in not entering, as he should have done, a judgment for the penalty of a bond, may be amended, at any time, on notice and motion.

ERROR to the *Knox* Circuit Court.

BLACKFORD, J.—Bill in chancery; demurrer for want of equity; and the demurrer sustained.

The bill states that the complainant's intestate brought a suit at law in the *Knox* Circuit Court against *Myers*, on a bond in the penalty of 1,000 dollars, conditioned for the payment of rent at certain stated periods; that the condition of the bond was set out in the declaration, and a breach assigned in the non-payment of 250 dollars, the rent due for the first half-year; that the defendant failed to appear to the suit, and a judgment by default was ordered for 250 dollars; that by neglect or mistake of the clerk, final judgment was

Nov. Term,
1839.

only rendered for costs; that 800 dollars remain due on the bond; and that the bond is believed to be lost. The prayer is, that the defendant be decreed to pay the 800 dollars, due by virtue of the bond. There is an affidavit of the loss of the bond attached to the bill.

The bill does not show whether the process in the suit at law had been served on the defendant. If it was not, any judgment against him on the bond in that suit is a nullity, and cannot of itself be a bar to any subsequent suit on the bond either at law or in equity. But a bill, like the one before us, setting out a judgment, ought to aver the want of notice, in order to avoid the effect of the judgment on that ground.

If the record and papers in the suit at law show a service of process, and the facts respecting that suit are correctly stated in the bill, the omission to enter the formal judgment for the penalty, is only a misprision of the clerk. Such a misprision may be amended, on notice and motion, at any time. It has been held that where the judgment in ejectment is entered, *that the plaintiff recover his damages and costs*, instead of, *that he recover his term*, the judgment may be amended, though this is but an action of trespass in its own nature. 1 Bac. Abr. 165. There seems to be as little reason to object to the amendment in the case before us, as to that in the case referred to.

After the amendment is made, a *scire facias* may issue as in ordinary cases.

*Per Curiam.*—The decree is affirmed.

*S. Judah*, for the plaintiff.