STANTON v. HENDERSON.

W. Quarles and L. Barbour, for the plaintiff.

D. Wallace and S. Yandes, for the defendants.

---

STANTON and Another v. HENDERSON.

In pleading, an averment that lands were sold, is equivalent to an aver-
ment that they were sold by deed of conveyance, and a denial of the con-
veyance is a denial of the sale.

When a declaration in assumpsit contains a common count, after judgment
for the plaintiff, on demurrer, a writ of inquiry should be awarded to
ascertain the damages.

ERROR to the Fayette Circuit Court.

Tuesday, May 30.

SMITH, J.—Assumpsit by Thomas Henderson for the use of William Hazzard against Esther Stanton and Rachel Stanton. The declaration contains two counts. The first count is upon a note which reads as follows:—

"On or before the 15th day of January next we promise to pay Thomas Henderson and his assigns, 625 dollars; if not paid at maturity, we agree to pay 650 dollars; which amount, when paid, will be in full for lot No. 1, in block No. 15, in Laurel, which we have this day purchased of him.						"Esther Stanton,
						"Rachel Stanton.

"Laurel, August 27th, 1845."

The second count is on an indebitatus assumpsit for 700 dollars, the price of a lot of land sold by the plaintiff to the defendants.

The defendants filed six pleas. The first is the general issue. The second plea is to the first count only, and alleges that the promissory note therein described was executed in consideration of the purchase of the real estate specified in the note, and that the plaintiff had not, before the commencement of the suit, made or offered to make any good and sufficient deed therefor. To this plea there

May Term,
1848.

STANTON
v.
HENDERSON.

is a replication admitting that the note was given in consideration of the purchase of said lot, and alleging that at the time of the purchase it was agreed by the parties that the defendants were to receive from the plaintiff a common deed of conveyance, with the same restrictions relative to the making and vending of ardent spirits contained in the deeds of *James Conwell,* the proprietor of the said town of *Laurel,* for lots in said town, which restrictions were then and there well understood by the defendants ; and that, prior to the commencement of this suit, he did make and execute such a deed, and upon the maturity of said note, and at divers times afterwards, he tendered said deed to the defendants upon condition that they would pay him the amount of the note, and now brings the same into Court to be delivered to the defendants on payment, &c.   The defendants, after craving and obtaining *oyer* of the deed, rejoined, that on the 10th of *August,* 1845, one *James Conwell,* being seized in fee simple of said lot, conveyed it by deed to the plaintiff with a condition, that the plaintiff, or his assigns, should not have the right to retail spiritous liquors thereon, and that if the plaintiff, or his assigns, should use or permit said lot to be used for the purpose of retailing spiritous liquors thereon, the estate of the plaintiff, or his assigns, should become wholly forfeited: wherefore they say the deed so tendered by the plaintiff was not a good and sufficient deed in fee simple.  · The plaintiff demurred to this rejoinder, and the demurrer was rightly sustained.   The rejoinder does not traverse the matters alleged in the replication, and presents no issue of fact.   But the plea is also bad.   It is not sufficient to aver that a deed was not *unconditionally* tendered. *Burroughs* v. *Yount,* 6 Blackf. 458.

To the 3d, 4th, and 5th pleas there are demurrers, which were also correctly sustained.

The 6th plea is to the second count, and alleges that the plaintiff did not convey said real estate in said second count mentioned.   This plea was also demurred to and the demurrer was sustained.   The cause of action shown by the second count is a promise to pay for a certain lot

of land *sold* by the plaintiff to the defendant. This im-
ports that the land was conveyed.    *Post* v. *Shirley*, 5
Blackf. 430.    Otherwise, the count itself would be bad.
A sale or alienation, for the meaning of these words is
the same, except that the latter usually relates to lands
and tenements, and the former to personal goods, is the
transferring of the property of a thing from one to another,
and, in the case of lands, a conveyance is the instrument
by which such transfer, alienation, or sale, is made.
There can be no perfect sale or alienation of lands with-
out a conveyance, and, therefore, an averment that lands
were sold is equivalent to an averment that they were
sold by deed of conveyance, and a denial of the convey-
ance, is, in effect, a denial of the averment of sale.   This
plea is undoubtedly liable to objection on special demur-
rer, for informality, and as amounting to the general issue,
but we think a general demurrer should have been over-
ruled.

Upon the disposal of these issues of law by the Court,
the defendants withdrew their first plea and the Court
thereupon, without a writ of inquiry, rendered judgment
for the plaintiff for 678 dollars and 35 cents damages, to-
gether with the costs of the suit.   This was erroneous.
When the declaration contains a common count, after
judgment for the plaintiff on demurrer, a writ of inquiry
should be awarded to ascertain the damages.    *Tannehill*
v. *Thomas*, 1 Blackf. 144.—*Starbuck* v. *Lazenby*, 7 Blackf.
268.—*Biggelow* v. *Williams*, Nov. term, 1847.

The defendants would have had all the advantages un-
der the general issue, they would have been entitled to
under the 6th plea, and the plaintiff might have had the
latter plea rejected on motion, but as he did not do so,
and the general issue was withdrawn before trial, the pro-
ceedings subsequent to the joinder of issue on the de-
murrer to the 6th plea will be reversed, and the cause
remanded for a new trial.

*Per Curiam.*—The judgment is reversed with costs, &c.

*J. S. Newman*, for the plaintiffs.

*S. Parker*, for the defendant.