THE STATE on the relation of ABRAHAMS *v.* CROSS and Others.

In a suit tried under the former practice, defects not cured by the statute of jeofails are still available on error.

In a declaration upon an official bond payable to the state, the non-payment of the penalty need not be averred.

In a suit upon an official bond, the parties agreed to submit the issues of fact to a jury. *Held,* that the assessment of damages was included.

In suits upon penal bonds, it is only upon the determination of questions of law in favor of the plaintiff, or upon a default, that the interlocutory judgment, that the plaintiff ought to recover, but because, &c., is given; and the Court may be substituted for the jury to assess the damages.

In a suit, under the R. S. 1843, upon the bond of a constable, judgment was rendered for the *plaintiffs,* instead of the state, for the use, &c., and for *damages,* instead of the penalty. *Held,* that the defect in the entry was a mere irregularity, which, being amendable in the Court below, was to be regarded as amended in the Supreme Court.

APPEAL from the *Madison* Circuit Court.

STUART, J.—Debt on the official bond of a constable, assigning several breaches. As no issues of law are raised in the record, it is not necessary to state the pleadings. The issues of fact were tried by the Court by agreement. Finding and judgment for the plaintiff.

There is none of the evidence in the record, and no question raised by bill of exceptions. But the suit being tried under the old practice, defects not cured by the statute of jeofails will still be available on error.

The first error assigned is, that the breach does not negative the payment of the penalty. In official bonds payable to the state, the non-payment of the penalty need not be averred. *The State ex rel. Merrill* v. *McClane,* 2 Blackf. 192.

The second error assigned is, that there is no finding by the Court below that the state *ought* to recover her said debt, nor is there any judgment for the debt. The third and fourth errors, in relation to the power of the Court to assess damages, and its neglect to award execution, are so closely connected with the second assignment, that they may be considered together.

May Term,
1855.

THE STATE
v.
CROSS.

There is no difficulty about the assessment of damages. By the express agreement of the parties, the Court was substituted for a jury to try the issues. The assessment of damages was included. This is a common and convenient practice, authorized by the statute. R. S. 1843, p. 731.—4 Blackf. 311. It is only on the determination of questions of law in favor of the plaintiff, or by default, that the interlocutory judgment is given, viz., that the plaintiff ought to recover, but because the Court is not advised of the damages, &c. 1 Blackf. 144.—*Id.* 198. But the Court may be substituted by consent. 1 Blackf. 358.

That the record subsequent to the submission of the issues to the Court is, in many respects, informal, is very true. The judgment is for damages. Regularly it should be for the penalty of the bond, awarding execution for the damages assessed; or rather ordering to be indorsed upon the execution the amount of damages to be collected. *Morris* v. *Price*, 2 Blackf. 457. The judgment is for the *plaintiffs* for the amount of the finding, instead of being in favor of the state, for the use, &c.

It is argued that these are mere misprisions of the clerk, such as being amendable in the Court below, shall be taken as amended in this Court; and in favor of that position, *Smith* v. *Myers*, 5 Blackf. 223, and 2 R. S., pp. 162–3, are cited. But *Smith* v. *Myers* does not, in our opinion, go to the extent claimed. The decision was on a demurrer to a bill in chancery for want of equity, and relates therefore only to what is essential to the validity of the bill. *McManus* v. *Richardson*, 8 Blackf. 100, is a much stronger case. There judgment was taken against two defendants, when the record showed that only one was served. It was held that the mistake was clerical, and therefore amendable. But this ruling is greatly modified by the statement that the adverse party agreed to the Supreme Court making the amendment, if it could be made by the Circuit Court. In *Woodward* v. *Brown*, 13 Peters 1, the Court allowed a misprision of the clerk, in entering the judgment, to be amended, without awarding a *certiorari*. But this seems to have been under the judicial act of 1789.

It is urged that the case is within 2 R. S., 162–3. But without examining the provisions referred to, that act does not apply. The suit was determined some months before the revised statutes of 1852 took effect. And the rule in *Glidewell* v. *McGaughey*, 2 Blackf. 359, and *Morris* v. *Price, id.* 457, must govern, unless there is some other statutory provision than those referred to by counsel. For, in the cases referred to in 2 Blackford, the same irregularity existed as here, and the judgments were reversed. These decisions were made under an act to cure defects after verdict; and among the things which it was provided should not be sufficient to reverse, was "any informality in entering up the judgment by the clerk." R. S. 1831, p. 411. In addition to that the several acts of parliament in force in *England* prior to *February* 7, 1752, in relation to "mispleading and amendment," were by the same act declared to be in full force in this state.

Unless, therefore, the R. S. of 1843 have enlarged these curative provisions, this case must, on the authority of those in 2 Blackford, *supra*, be reversed. Section 84, chapter 37, of that revision, reads thus:

"No judgment in any civil action shall be stayed, reversed, impaired, or affected for any defect of form, variance or other imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the Court in which such judgment was rendered; but such defects and imperfections shall be supplied and amended, or shall be deemed to be supplied or amended in the Supreme Court."

The 236th section of chapter 40, the 13th and 14th specifications under it, and section 237 of the same chapter, read thus:

"Sec. 236. When a verdict shall have been rendered in any case, the judgment shall not be stayed thereon, nor shall the judgment on such verdict, or any judgment upon confession, default, *nihil dicit*, or *non sum informatus* be reversed, impaired, or in any way affected by reason of the following imperfections, omissions, matters or things, or

May Term,<br>
1855.

THE STATE<br>
v.<br>
CROSS.

any of them, in the process, pleadings, proceedings, or record, namely:

\* \* \* \* \* \* \*

" 13. For any informality in entering a judgment, or making up the record thereof, or in any continuance, or other entry upon such record; nor,

" 14. For any other default or negligence of any clerk or officer of the Court, or of the parties, or their attorneys, by which neither party shall have been prejudiced.

" SEC. 237. The omissions, imperfections, defects, and variances, in the preceding section enumerated, and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties, or the trial, shall be supplied and amended by the Court where the judgment is given, or by the Court into which such judgment shall be removed by appeal or writ of error."

In *Saxton* v. *The State*, on *scire facias*, 8 Blackf. 200, these provisions came before the Court for consideration, and the Court held, that as the Circuit Court might have amended, the Supreme Court is bound to amend or consider the amendment made. It is true, the facts in the case were entirely different from those before us. We think, however, that a fair construction of those statutory provisions gives them a much wider range than could be given to the provisions on the same subject in force when the cases in 2 Blackford were decided. We are therefore of opinion that it is a mere irregularity in entering the judgment, within the meaning of the act, by which the appellants have not been prejudiced; and being amendable in the Circuit Court, we must regard it as amended here.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Davis*, for the state.

*D. McDonald*, *W. A. McKenzie* and *W. Henderson*, for the appellees.