F. K. WRIGHT, plaintiff in error, *vs.* MARTHA MCBRIDE, defendant in error.

When there was no defense to an action on a promissory note and judgment was rendered thereon, and a motion was made at the same term of the Court to set it aside, on the grounds that it was not signed by the plaintiff's attorney, but by the Judge, as provided by the 38th rule of Court; that the plaintiff was not stated in the judgment as "administratrix," and because the judgment did not recite the fact that Wright was "security." The Court overruled the motion and allowed the judgment to be amended so as to insert the word "*administratrix*," as to the plaintiff, and the word "security," as to the defendant, Wright:

Wright *vs.* McBride.

*Held,* There was no error in overruling the motion to set aside the judgment and allowing the same to be amended.

*Held further,* That there was no error in the refusal of the Court to allow the judgment to be opened so as to enable the defendant, Wright, to file his plea to the original suit, on the statement of facts contained in the record.

Arrest of Judgment. Amendment. Practice Supreme Court. Before Judge CLARK. Dougherty Superior Court. June Term, 1870.

The complaint of " Martha C. McBride, administratrix " of James H. McBride, averred, " that James H. Hill and John Wright, surviving partners of the firm of said Hill, Wright & James Marshall, said firm composed of said Hill, Wright & James Marshall, deceased, makers, Frank K. Wright, security," were indebted to the petitioner " $1,687 50, besides interest on a promissory note, dated January 1st, 1860, and due twelve months after date." It prayed process against " said defendant." The process stated the cause thus: " Martha McBride, administratrix, vs. James H. Hill, John Wright and Joseph Marshall, administrators of James Marshall, and F. K. Wright, security. Complaint," and began, " the defendants are hereby required," etc. The copy-note was, " twelve months after date, I promise," etc., and was signed, " Hill, Wright & Marshall. F. K. Wright, security." Hill and F. K. Wright were served. There was a return of *non est inventus,* as to " John Wright and Marshall." A second original was issued, and on it J. R. Marshall, as administrator of J. F. Marshall, acknowledged service. Another second original was issued and John Wright was served.

No plea was filed, though the suit was brought in 1867. Iu June, 1870, judgment by default was rendered " by the Court for the plaintiff against defendant," for $1,687 50, and interest, and was signed by the Judge officially, but not by the plaintiff's attorneys. During June Term 1870, counsel for F. K. Wright moved to arrest said judgment: 1st. Be--

cause it was not signed by plaintiff's attorneys. 2d. Because the judgment is in favor of Martha McBride, individually, and not as administratrix. 3d. Because it is against all the defendants, " When John Wright and James H. Hill had been discharged in bankruptcy from said debt, and that fact was pleaded and admitted, as appears by the entries upon the Judge's docket." 4th. Because the judgment includes Marshall as administrator, who is included in the process but not in the declaration. 5th. Because process issued against Marshall, administrator, when he was not sued. 6th. Because F. K. Wright is but a security, and yet the judgment is not against him as such.

The Court overruled the motion. Plaintiff's counsel then moved to "amend their judgment so as to make the whole record harmonize." F. K. Wright's counsel objected, because this amendment would make a new and distinct judgment, and because he had a valid defense under the Relief Act of 1868, which he wished to make, but was prevented from doing so, by hearing that the Court was enforcing the resolution of the General Assembly, suspending all proceedings by the Courts on contracts made prior to June, 1865, by passing over all such cases, and knew not the contrary until he heard of this judgment. They insisted that if the judgment was open to amendment, the cause was open to defenses, and they presented his sworn plea in which he averred that he was not interested in said note, was a bare security, that it was given for bank bills loaned said firm by McBride, which bills had become valueless by the result of the late war, that at the date of the note said firm was worth $50,000, specifying their property ; that he then had over one hundred slaves, that all this property was lost by the result of the war, and Hill & Wright were discharged in bankruptcy; that Marshall's estate had become insolvent by emancipation, that McBride and his said administratrix, since his death, contributed to said war by being citizens of Georgia and of the Confederate States, and supporting said government, and

that, during the war, McBride refused to take Confederate currency in payment of said note, though James H. Hill tendered the same to him.   He claimed the benefit of the Relief Act of 1868.   The Court refused to allow said defense filed, and allowed the judgment to be amended by adding after " plaintiff, " " as administratrix of James H. McBride, deceased," and after " defendant" " as security," and ordering the names of James H. Hill, John Wright and J. R. Marshall, administrator, to be omitted from the judgment. It does not appear that any other judgment was entered up but the old one stood amended by said order.

F. K. Wright's counsel say, that the Court erred in not arresting the judgment on said grounds, in refusing to allow said defense to be filed, and in allowing said amendment made.

(When the cause was called here, counsel for Wright said, that for the want of the judgment and amended judgment in the record, this Court could not understand the errors complained of, and upon this suggestion of diminution of the record, moved to continue the cause.   The motion was overruled.)

Counsel for plaintiff in error then moved to dismiss the writ of error, because the bill of exceptions had not been sent up to this Court in time.   It was filed below on the 4th of July, 1870, and here on the 25th of July, 1870.   The motion was overruled.)

LYON, DE GRAFFENREID & IRVIN for plaintiff in error, as to arrest of judgment, cited Tidd's Pr., 918 ; 21st Ga. R., 159, 271 ; 18th, 275.   As to form of judgment vs. surety : Code, sec. 3414.   To entries on Judge's docket: 4th Ga. R., 157.   As to relief plea : Acts of 1868, page 148.

HINES & HOBBS for defendants.

WARNER, J.

We find no error in the judgment of the Court below in this case on the statement of facts contained in the record.

Let the judgment of the Court below be affirmed.