# Duffey *versus* Houtz. ·

1. No amendment can be allowed, the effect of which is'either to introduce a new cause of action, to deprive the opposite party of any valuable right, or injuriously to affect intervening rights of third parties.

2. An error in a præcipe and writ of scire facias to revive a judgment, by reason whereof the lien of the judgment expired, cannot be corrected by amendment so as to restore said lost lien, to the prejudice of a judgment creditor whose judgment, originally second in lien, has, by such expiration, become by operation of law the first lien. Such judgment creditor has the same right to object to such an amendment as a creditor or purchaser would have who obtained a judgment or made a purchase after the expiration of the lien of the prior judgment.

3. A. held two judgments against the same defendant, which constituted the first and third liens on the defendant's real estate. B. also held a judgment against the same defendant, which was the second lien. A., intending to revive his first judgment, by mistake recited in his præcipe the term and number of his other judgment, third in lien. The scire facias to revive likewise recited that term and number and was thus docketed. Subsequently, after the lien of the first judgment had expired, and during the pendency of the scire facias, A. took a rule to amend his præcipe and writ, so as to recite the term and number of his first judgment, alleging that it was by a clerical mistake he had inserted the wrong term and number in his præcipe. This rule, not being objected to by the defendant in the judgment, was made absolute. Subsequently, on the application of B. the order of the court was modified, so as not to operate to the prejudice of B. *Held:*

[Duffey v. Houtz.]

(1.) That as both the præcipe and writ were regular on their face, and accurately described an existing judgment, there was nothing on the record to amend by.

(2.) That the amendment could not be allowed to the prejudice of B., whose judgment, upon the expiration of the lien of A.'s first judgment, had by operation of law become the first lien.

4. Whether the lien of a judgment has been kept alive and remains in force must be determined by an inspection of the record. If the record does not show its existence, it is lost.

January 17th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term, 1883, No. 85.

Scire facias, to revive a judgment, issued by James Duffey against D. K. Houtz.

The facts were as follows: On February 8th, 1878, James Duffey obtained a judgment against D. R. Houtz to December Term, 1877, No. 1154. On March 22d, 1878, J. B. Coryall obtained a judgment against the same defendant. Subsequently, on April 20th, 1878, Duffey obtained another judgment against said Houtz, to March Term, 1878, No. 816. In January, 1883, Duffey issued a præcipe for a scire facias to revive the judgment to March Term, 1878, No. 816. A writ of scire facias issued accordingly and was returned nihil habet, and on February 15th, 1883, an alias scire facias issued, and was returned as before. On February 21st, 1883, after the lien of the first judgment had expired, Duffey took a rule to show cause why the said præcipe and writ of scire facias should not be amended, so that its caption should read December Term, 1877, No. 1154, instead of March Term, 1878, No. 816. An affidavit was presented therewith by Duffey's counsel, that by a clerical error the præcipe misrecited the term and number of the judgment intended to be revived, making it No. 816 of March Term, 1878, instead of No. 1154 of December Term, 1877. The defendant not objecting, this rule was made absolute.

Subsequently, on petition of J. B. Coryall, the holder of the intermediate judgment, a rule was granted to show cause why the order making absolute Duffey's rule should not be modified "so as not to prejudice the rights of J. B. Coryall, a judgment creditor, or other creditors or purchasers." This rule was made absolute, and judgment taken on the scire facias. Thereupon, Duffey took this writ of error, assigning for error the said modification of the order of the court making absolute said rule allowing the amendment.

*Wayne MacVeagh* for the plaintiff in error.—This case pre-
    9 OUTERBRIDGE.—7.

[Duffey *v.* Houtz.]

sents a simple question whether an amendment is allowable to
correct a plain mistake of fact, when nothing has been done
in consequence of such mistake, and nobody will be placed by
the correction of it in a worse position than if it had not been
made. We do not contend .that such a mistake, however
unfortunate, could be corrected as against persons who had
acted upon the faith of the record as it then stood, either by
purchasing the property or by loaning money upon it, or in
any other way altering their position for the worse in reliance
upon it, but it is confidently submitted that it is the very pur-
pose and object of our statutes of amendments that such a
mistake should be corrected as against all persons whatever,
except those who have acted upon the faith of the record
which has been made. It is difficult to distinguish this .from
the ordinary case of the entry of satisfaction upon the record
of the wrong mortgage or judgment, a mistake which might
not be corrected as against any person who had acted on the
faith of the mistaken entry, but it certainly would be corrected
as against all other persons, including the judgment creditors
or mortgagees who had done nothing in consequence of the
mistake and would suffer nothing whatever by its correction.
We are supported in this contention by a number of cases.
In Close *v.* Gillespey, 3 Johns., 525, a mistake which occurred
by the neglect of an attorney was corrected by amending the
record nunc pro tunc, although a subsequent judgment had
been entered against the defendant, on which a preference was
claimed. The court said:

"It does not appear that the debt of the contesting party
had been contracted since the entry of Close's judgment, and
that therefore it could not perceive that he had any right to
avail himself of the irregularity which has intervened." In
Chichester *v.* Cande, 3 Cow., 39, no record of any judgment
had been filed, but the court allowed it to be done, nunc pro
tunc, and awarded the money to the plaintiff in it as against
the holder of a judgment which had been regularly filed and
otherwise would have been entitled to the money. In Mara *v.*
Quin, 6 T. R., 8, a judgment was put two years back to pre-
vent injustice, because it would not injure third persons. Our
own courts have given a most liberal construction to our Stat-
ute of Amendments, and fully warrant the amendment in this
case. In Maus *v.* Maus, 5 Watts, 315, it was held that a writ
of scire facias to revive a judgment may be amended at any
time so as to make it conform to the original judgment upon
which it was intended to be sued out. In Rainey *v.* The Com-
monwealth, 10 Watts, 343, this court decided that a clerical
error or slip in the scire facias, which it says was obviously a
clerical mistake in referring to a judgment not existing instead

of the real one meant, might be amended; and it adds that " courts have of late years been indulgent in admitting amendments to cure the slips of officers, and more especially is it permitted among us where legal proceedings are so slowly and often negligently conducted." In Sweeny v. Delany, 1 Barr, 320, this court decided that a record may be amended by transferring the proceedings to the proper suit, when by mistake they have been filed in a suit to which they do not belong, and says that if the mistake led no one into a surprise that induced him to slip his time for the exercise of a right, it gives no one a right to complain of the correction of it. The general doctrine seems therefore to be abundantly settled that amendments will be generously and liberally allowed in furtherance of the justice of the case, upon condition only that they shall do no injustice to third parties. We submit therefore that the court erred in so modifying our rule as to give Coryall a preference in lien, to which he was not entitled either in law or equity.

*T. Dimner Beeber*, for J. B. Coryall, defendant in error.— Under the Acts of April 4, 1798, § 2, Purd. Dig., 819, pl. 3, and March 26, 1827, § 1, Purd. Dig., 820, pl. 5, the amendment could not be allowed to the extent claimed by the plaintiff in error: Bank of North America v. Fitzsimons, 3 Binn., 342; Black v. Dobson, 11 S. & R., 94; Crutcher v. Com'th, 6 Whart., 340; Davis v. Ehrman, 20 Pa. St., 256. These cases fully support the action of the court below. In this case the præcipe as well as the scire facias and docket entries, accurately described the existing judgment to March Term, 1878, No. 816. Hence, there was nothing on the record to amend by, and the case differs in this respect from Rainey v. Commonwealth, 10 Watts, 343, and others relied on by the plaintiff in error. Amendments, moreover, are never allowed to the prejudice of vested rights: Trego v. Lewis, 58 Pa. St., 463; Kaul v. Lawrence, 73 Id., 410; Leeds v. Lockwood, 84 Id., 70; Miller v. Bealer, 100 Id., 583.

Chief Justice MERCUR delivered the opinion of the court, October 6th, 1884.

This contention arises on the claim of the plaintiff to demand an amendment of the record to the prejudice of the vested right of one not a party to the record.

The plaintiff held two judgments against Houtz—one entered February 8th, 1878, in No. 1154, December Term, 1877; the other entered on the 20th April, 1878, in No. 816, March Term, 1878. J. B. Coryall, the now defendant in interest, recovered a judgment against Houtz on the 22d March, 1878.

In January, 1883, a præcipe was filed in No. 816, March Term, 1878, and a scire facias issued to revive the judgment. The writ was returned by the sheriff *nihil habet*, and on the 15th February an *alias scire facias* was issued and returned in like manner.

Thirteen days after the lien of judgment in No. 1154, December Term, 1877, had expired, the plaintiff obtained a rule to amend the record. Claiming a mistake had been made in describing judgment No. 816, March Term, 1878, and in proceeding to revive the same, instead of No. 1154, December Term, 1877, he prayed that the præcipe and writ might be so amended as to describe and apply to the latter. The defendant appeared on the return of the rule, and not objecting, it was made absolute. A few days thereafter on application of J. B. Coryall, the order was so amended as not to prejudice his rights or the rights of other creditors or purchasers. This modification is the plaintiff's cause of complaint.

The power of the court to amend the record as between the parties to the judgment, does not necessarily arise now. We however are unable to discover anything in the record to amend by. The præcipe referred to and described No. 816 only. The parties, number and term, were correctly given. The writ of scire facias followed the præcipe and recited that judgment. No reference whatever was made to No. 1154, and no entry was made on the record thereof. No clerical error was made by any person having charge of the record. The prothonotary correctly followed the instructions of the præcipe. The alleged amendment did not correct any irregularity or defect in the record. There was no inconsistency therein. Each part of the record was in entire harmony with every other part thereof. In fact there was not any mistake in the record. The mistake, if any, was wholly outside of the record. It consisted in the entire omission to take any step towards the revival of the judgment in No. 1154, December Term, 1877. The whole action to revive was taken in another judgment in another term. The instructions of counsel were duly followed by the officer. In view however of the restricted effect given to the amendment by the court, no injustice was done to other judgment creditors, and the defendant in the judgment is not complaining. While a liberal exercise of the right of amendment has been recognized in many cases, among which are Black *v*. Dobson, 11 S. & R., 94; Maus *v*. Maus, 5 Watts, 315; Rainey *v*. Commonwealth, 10 Id., 343; Crutcher *v*. Same, 6 Whar., 340; Sweeny *v*. Delany, 1 Barr., 320; Trego *v*. Lewis, 8 P. F. Smith, 463; yet amendments are not to be allowed which introduce a new cause of action, or which deprive the opposite party of any valuable right, or injuriously

affect third persons.  Black v. Dobson, supra; Crutcher v. Com'th, supra; Kille v. Ege, 1 Norris, 102; Leeds v. Lockwood, 3 Id., 70.  In Black v. Dobson the amendment was allowed because it was in matter of form and would not prejudice other judgment creditors.  In Crutcher v. Com'th it was held that an amendment should not be allowed to affect the rights of a subsequent judgment creditor, or mortgagee, or a purchaser; nor could it be done against the bail to the action, who are neither parties nor privies to the original suit.

It is claimed by counsel for plaintiff that protection against the injurious effect of an amended judgment applies only in favor of a judgment obtained after the expiration of the lien of the prior judgment, and before it was amended.  No authority is cited which so holds; nor do we think this view sustained by sound reason.  It is true a judgment obtained after the loss of the prior lien, might, on the ground of equitable estoppel, be protected against the injurious effect of an amendment of the prior lien afterwards made; but we think the protection is not thus limited.

Section 2 of the Act of 4th April, 1798, provided that no judgment thereafter entered should continue a lien on the real estate of the person against whom it was entered, during a longer term than five years from the first return day of the term to which it was entered, unless the plaintiff within said five years should sue out a writ of scire facias thereon.  Section 1 of the Act of 26th March, 1827, Purd. Dig., 820, pl. 5, declares *inter alia* that all judgments entered or revived in any court of record of this Commonwealth, shall continue a lien on the real estate of the defendant for the term of five years from the day of entry or revival thereof; and "no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived within that period by agreement of the parties and terre-tenants, filed in writing and entered on the proper docket, or a writ of scire facias to revive the same, be sued out within said period."

In order to guard against the liberal construction given to the Act of 1798 for the continuance of liens, the Act of 1827 declared "no order or rule of court or any other process or proceeding thereof, shall have the effect of obviating the necessity of the revival, in manner herein prescribed, of any judgment whatever."

Hence, since the passage of the latter Act, a judgment opened to let defendant into a defence, and, after the expiration of five years, on writ of error entered in favor of the plaintiff, is nevertheless postponed in favor of a subsequent judgment creditor.  The pendency of the proceedings does

[Duffey *v.* Houtz.]

not operate to revive the judgment or continue its lien during the intervening time; Styers' Appeal, 9 Harris, 86 ; nor when it is opened for defence, can an order of court that "the judgment remain as security" extend the lien. Fricker's Appeal, 1 Watts, 393. Nor will a scire facias which recites the original judgment improperly in a substantial matter, continue the lien, although after the five years have elapsed the court permitted the scire facias to be so amended as to recite it correctly. Arrison *v.* Commonwealth, 1 Watts, 374. While for some purposes between the parties to the judgment, the lien thereof may continue beyond the five years, yet it cannot against purchasers from the defendant nor against his judgment creditors. Fetterman *v.* Murphy, 4 Watts, 424; Aurand's Appeal, 10 Casey, 151.

Whether the lien of a judgment be kept alive, and remain in force, must be determined by an inspection of the record. If the record does not show its existence, it is lost and gone. Arrison *v.* Com'th, supra.

From the 8th until the 21st of February there was no entry of record either in No. 1154, nor in any other suit or proceeding, indicating any design to revive that judgment. The record showed the lien thereof had expired. Neither præcipe filed, nor scire facias issued, in any manner referred thereto. No step was taken, no notice was furnished, of the intention now said to have then existed in the mind of the plaintiff or his attorney.

On the expiration of five years from the entry of the judgment in question in favor of the plaintiff, the judgment of Coryall became the first lien on the land of the defendant. His right to such priority became vested in him. No active effort on his part at that time was necessary to create it. Lapse of time, and the omission of the plaintiff to revive his judgment, made the lien of Coryall first. He had acquired a valuable right. He may then invoke the protection of the Act of Assembly, which declares "the lien of a judgment shall not continue for a longer period than five years" unless revived or scire facias issued. His vested and valuable right of priority cannot be destroyed by the subsequent amendment of the record in a case between other parties. Even as between the parties to a suit an amendment will not be allowed to affect the rights which the defendant may otherwise have under the statute of limitations to the land in controversy. Kille *v.* Ege, supra ; Leeds *v.* Lockwood, supra.

We therefore hold that lien creditors or purchasers, who may successfully resist the amendment of a record to restore a former lien, which would impair their vested rights, are not those creditors or vendees only who acquired a lien or made a

purchase after the expiration of the former lien. This right extends to those who obtain a lien or make a purchase during the life of the prior lien, and whose rights will be impaired by the proposed restoration. Such a creditor holds a subsequent judgment within the meaning and spirit of the decisions protecting his rights against lost liens. The learned judge committed no error in the qualification attached to the order of amendment.                    Judgment affirmed.