# Garner v. Garner.

## *Motion to Amend Judgment Nunc Pro Tunc.*

1. *Averments of complaint determine capacity in which plaintiff sues.*—When the averments of the complaint disclose a cause of action in favor of plaintiff, which, when collected, would be assets of the estate of his intestate, though the words affixed to plaintiff's name in the marginal statement of the complainant are "executor" or "administrator," not preceded by the particle "as," a judgment entered with words which are mere *descriptio personæ*, as in the margin, may be amended *nunc pro tunc* to conform to the complaint.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

On February 20, 1895, the appellee, Bartow Garner, as administrator *de bonis non* of the estate of James H. Garner, deceased, filed a motion in the circuit court of Dale county to amend *nunc pro tunc* a judgment previously rendered by the circuit court of Dale county, at a former term of the court, in favor of S. D. Parker, as

[Garner v. Garner.]

administrator of the estate of James H. Garner, deceased, against the appellant, G. W. Garner. He asked in his motion that the said judgment be amended so as to read as follows : The marginal statement of the case : "S. D. Parker, Administrator of the Estate of James H. Garner, Deceased, v. G. W. Garner." And the entry of the judgment : "Came the plaintiff by attorney, and defendant, being called, came not, but made default. It is, therefore, considered by the court that the plaintiff, S. D. Parker, as administrator of the estate of James H. Garner, deceased, and as assets of the said estate, do recover of the defendant, G. W. Garner, the sum," etc. In support of this motion, the movant offered in evidence the summons in the original suit, which described the plaintiff as follows : "Stephen D. Parker, administrator of the estate of James H. Garner, deceased." There was then offered the complaint in said original suit, which described the plaintiff as "S. D. Parker, administrator," etc. In the body of the complaint there were the following words : "Said note having been made payable to J. H. Garner, and, when collected, will be assets in the hands of the plaintiff belonging to the estate of James H. Garner, deceased." The movant then offered the judgment entry, wherein the plaintiff was described as "Stephen D. Parker, administrator of the estate of James H. Garner, deceased." This judgment entry was a simple judgment against the defendant in that suit, the appellant here. Upon the hearing of the evidence on the motion, the court granted the motion, and ordered the judgment amended *nunc pro tunc*, to the rendition of which judgment the respondent excepted. The respondent now brings this appeal, and assigns the rendition of said judgment as error.

H. L. MARTIN, for the appellant.

BRICKELL, C. J.—The complaint would have been more formal, if following the summons, in the marginal statement of the names of the parties, the plaintiff had been described, as administrator of the estate of James H. Garner, deceased. The informality was cured by the distinct averment in the body of the complaint that the promissory note, the cause of action, was payable to James H. Garner, and when collected, would be assets

[Bridgeport Lumber Co. v. Ladd.]

of his estate in the hands of the plaintiff. It has been held, that the words "executor," or "administrator," not preceded by the particle "as," affixed to the name of a party plaintiff or defendant, in the marginal statement in a complaint of the names of the parties, is mere *descriptio personæ*, and will not support a judgment for or against such party in a representative capacity. But when the averments in the body of the complaint, disclose a cause of action accruing to or against such party in a representative capacity only, these averments fix the character of the action and the relation of the party to it, whether he be plaintiff or defendant.— *Watson v. Collins*, 37 Ala. 587 ; *Rhodes v. Walker*, 44 Ala. 213 ; *Graham v. Gunn*, 45 Ala. 577. From the body of the complaint, it was plain that the plaintiff was suing on a cause of action accruing to him in his representative capacity— that no individual right was involved—that the contract was made with the intestate while in life, and the right to sue had devolved on the plaintiff by means of his relation as administrator.

The original judgment would have been more regular, if pursuing the complaint, it had been rendered in favor of the plaintiff as administrator. That it was not so rendered was a mere clerical omission, escaping the attention of the parties and the court, and an amendment, producing a correspondence between the complaint and judgment, it was the duty of the court to make on the application of a proper party.

Affirmed.