718

## Lebanon Valley National Bank v. Henning

*Egli, Walter & Reilly*, for plaintiff.

*Thomas A. Behney* and *H. Rank Bickel, Jr.*, for defendant.

MEYER, J., February 14, 1969.—Defendant, Kenneth E. Henning, on January 27, 1967, executed an installment note in the amount of $39,715, which note was payable to the order of Lesher-Mack Sales & Service at the Lebanon Valley National Bank. On May 19, 1967, James T. Reilly, Esquire, of the firm, Egli, Walter & Reilly, filed a praecipe to enter his appearance for Lesher-Mack Sales & Service, Lebanon Valley National Bank v. Kenneth E. Henning, to no. 716, March Term, 1967. The docket reflects that judgment was entered in favor of the Lebanon Valley National Bank and against defendant by virtue of the warrant of attorney to confess judgment which was contained in the note. The caption in the docket reads "Lebanon Valley National Bank v. Kenneth E. Henning" and the index reflects the name of plaintiff as the Lebanon Valley National Bank.

Petitioner, Lesher-Mack Sales & Service, asks us to correct both the docket and the index so as to reflect the name of plaintiff, Lesher-Mack Sales & Service, rather than the Lebanon Valley National Bank. It asks that this order be made nunc pro tunc.

Lebanon County Trust Company resists this petition averring that it would be prejudiced because its lien would be affected by such an amendment. Mack Trucks, Inc., trustee in bankruptcy for Kenneth E. Henning, also opposes the granting of the petition and in an answer filed to the motion, under the heading of new matter, asks the court, not only to deny the motion to amend, but also to strike off the judgment of the Lebanon Valley National Bank as entered.

We will dispose of the so-called motion to strike first. The Act of July 9, 1897, P. L. 237, sec. 1, 12 PS §911, describes in very understandable language the manner in which a creditor may attack a judgment confessed by a debtor. Since the trustee, representative of the creditor, has failed to follow the statutory requirements, the motion to strike is a nullity. We might add that we do not conceive it to be a proper method of pleading to include under new matter a motion to strike. Even if a proper motion to strike was before us, it would have to be denied. Our reasons follow.

Trustee argues in its brief in support of the motion to strike that the confession clause in the note which empowers the confession of judgment against the maker of the note ". . . for the above sum with costs of suit . . ." is not authority for the prothonotary to enter judgment since he could not determine from the face of the instrument the meaning of the words, "the above sum."

The second argument is that it is generally accepted that where such phrases as "in the event of default" or "after default" are inserted in a promissory note

as a condition precedent to entering judgment, then an averment of default is required for the entry of a valid judgment.

Important language in the note is overlooked by the trustee when he tells us that the note given by Henning empowered a confession of judgment against the maker for a sum not certain or that there was a condition precedent to the entry of judgment, i. e., default.

Trustee cites Noonan, Inc. v. Hoff, 350 Pa. 295, 38 A. 2d 53, as authority for the proposition that the prothonotary can enter judgment only for that amount from the face of the instrument may appear to be due. There is no doubt that this is the law but how any comfort can be obtained from the reading of this case, we are unable to comprehend. In this case there was a motion to strike a judgment entered by the contractor against defendant for $42,684. Only one sentence from that opinion need be quoted. It is, "But no particular phraseology in confessing a judgment is required; it is the substance and not the form that is important."

We examined the other cases cited by the trustee and we will make a reference to one more. In R. Krevolin & Co., Inc. v. Tharp, 178 Pa. Superior Ct. 236, 115 A. 2d 856, there was an unconditional promise to pay $4,950 and an authorization to confess judgment either in that amount, or at the option of the clerk, prothonotary or attorney for 20 percent of said sum as liquidated damages. Appellants contended that the prothonotary did not have the power to enter a valid judgment by confession when there was an authorization to the prothonotary to enter one of two alternative judgments. The court did not accept the argument and said the prothonotary was not precluded from entering judgment for either of the amounts.

Henning authorized the confession of judgment "for the above sum." The sum he promised to pay was clearly set forth by the following, "Without defalcation, for value received, I/We or either of us promise to pay to the order of Lesher Mack Sales & Service at the Lebanon Valley National Bank the sum of thirty-nine thousand seven hundred fifteen and 00/100 dollars."

The note in question also provides, inter alia, that in case of default of any installment the entire balance becomes due at the option of the holder. The controlling language, however, is contained in the last full paragraph in the note. It reads, ". . . I/We or either of us do hereby empower any attorney of any court of record within the United States or elsewhere, to appear for me, us or either of us and with or without one or more declarations filed, *confess judgment against me*, us or either of us and in favor of the payee or any assignee of this note, *as of any term for the above sum with costs of suit.* . . ." (Italics supplied.)

It is quite obvious that the debtor authorized the confession of judgment at any time for the full amount of the note. It is equally obvious that default in making the monthly payments was a condition precedent to the acceleration of the remaining payments so as to permit an execution for the entire amount unpaid.

The phrases, "In case of default in the payment of any installment as the same becomes due and payable, the entire balance due hereunder shall, at the option of the holder, at once become due and payable without demand or notice to me, us or either of us" and ". . . I/We . . . empower . . . any attorney . . . to confess judgment against me at any time . . ." cannot be equated.

Lebanon County Trust Company states that its priority as a lien creditor would be prejudiced and

that the court is without power to change the priority of liens entered in the office of prothonotary. In its brief brief, the bank quotes the Pennsylvania Law Encyclopedia, Vol. 20, Judgment, chapter 9, §368, as authority for the proposition that an amendment of a judgment will not as a rule relate back so as to affect the intervening right of third parties. Cases are cited in the text. One only has to read the cases cited to see the vast difference in the factual situations in those cases with this case. For example, in Duffey v. Houtz, 105 Pa. 96, the lien of a judgment had expired by reason of an error in a praecipe and writ of scire facias to revive the judgment. There were intervening creditors who relied on the record that the judgment was not revived. The failure to revive moved the subsequent liens up in their order of priority, and the lien of the judgment which was not revived was not lost, but the priority was. No one could tell from the record in that case whether or not the judgment creditor had been paid or whether there were other reasons for not reviving the lien.

In Heil & Lauer's Appeal, 40 Pa. 453, the question of distribution of funds in the hands of the sheriff was involved. A judgment had been entered against George P. Joest when, as a matter of fact, the debtor's name was George P. Yoest. The court said it was the duty of the judgment creditor to see that the judgment was properly entered, so as to furnish to the eye of purchasers and subsequent encumbrancers that record notice which the act of assembly contemplates. The court did not think that the legislature intended that a purchaser or encumbrancer, in searching for a name, the initial letter of which is "Y," should be under obligation to examine the index through the letters "Y" and "J." The court asked the question, but did not answer it because the answer was too obvious, as to whether or not, in searching a record, one

would have to look under the initial "H" because names commencing with the letter "J" in Spanish are pronounced as if they were spelled "H."

What is the situation in this case? Simply that someone erred in entering the caption in the docket in the prothonotary's office. The praecipe of attorney Reilly was to enter the appearance of his law firm in favor of the plaintiffs, Lesher-Mack Sales & Service, Lebanon Valley National Bank v. Kenneth E. Henning. The caption became Lebanon Valley National Bank v. Kenneth E. Henning. Anyone searching the records to find out whether or not there were any judgments against Kenneth E. Henning would be led to believe that there was a judgment against Henning in favor of the Lebanon Valley National Bank. Further investigation would have revealed that Henning had given a note made payable to the order of Lesher-Mack Sales & Service at the Lebanon Valley National Bank.

In Duffey, supra, the examiner of the records would not have known that there was a judgment. In this case Lebanon County Trust knew there was a judgment. We fail to see, therefore, how it could be prejudiced merely because the name of the creditor should have been Lesher-Mack Sales & Service rather than the Lebanon Valley National Bank. No one could successfully argue that a judgment docket should not afford definite and reliable information as to the defendants, against whom the judgments contained therein are rendered. Neither can one successfully argue that a creditor is deceived to his disadvantage because the name of a judgment creditor is incorrect.

The court has an inherent right to correct a clerical error. The correction nunc pro tunc of a judgment entered by plaintiff upon a constable's bond, instead of for the state, was permitted in State ex rel. Abrahams v. Cross, 6 Ind. 387. Judgments entered in favor

of persons individually rather than in their representative capacity as executors or administrators have been amended nunc pro tunc to correct such mistakes: Garner v. Garner, 107 Ala. 242, 18 So. 169; Wright v. McBride, 42 Ga. 234.

No new judgment is created by permitting the correction nunc pro tunc. The only thing that occurs is that the record is put in proper form so that it will show what should have been shown. No amendment should or would be permitted if subsequent judgment creditors would be harmed or prejudiced by permitting the amendment. The Lebanon County Trust Company has not suggested how it has been prejudiced. We do not believe it has been. How could it have been deceived to its damage as a result of the entry in the docket of the name of the Lebanon Valley National Bank rather than Lesher-Mack Sales & Service? What possible difference could it have made to the trust company when advancing credit or entering judgment against Henning whether Henning owed monies to the Lebanon Valley National Bank or to Lesher-Mack Sales & Service? The trust company should have been concerned as to the balance owing on the judgment as entered. If it was and had consulted the record, it would have called the Lebanon Valley National Bank for this information. It would have learned that the monies were actually owing to Lesher-Mack Sales & Service but were payable at the bank.

We can see no difference in this case and those cases which have permitted the addition of names inadvertently omitted from among those recovering judgments. If judgment should have been confessed in favor of the Lebanon Valley National Bank and Lesher-Mack Sales & Service, but was entered only in favor of the Lebanon Valley National Bank, the refusal to permit the correction by adding the name of Lesher-Mack Sales & Service would be as senseless as to deny the

prayer of Lesher-Mack Sales & Service for the correction.

The relief prayed for will be granted.

ORDER

And now, to wit, February 14, 1969, leave is granted to amend the docket and indices nunc pro tunc in the within matter so as to reflect the plaintiff to be Lesher-Mack Sales & Service. The clerk of the court of common pleas, civil division, is directed to make the appropriate entries.