1828.

McLaren
v.
Hopkins.

MCLAREN *v.* HOPKINS, IMPLEADED WITH CARPENTER.

Where the only interest a witness has in a cause in which he is sworn, is in the question, the objection goes to his credibility, and not to his competency.

An interest to exclude a witness from being sworn, must be a direct interest in the event of the suit.

Where M. purchased the interest of C. in certain mortgaged premises under a judgment and execution, in a suit by M. against H., who pretended to hold a subsisting mortgage against the premises given by C., it was held that C. on being released by M., was a competent witness to prove that the mortgage had been paid.[1]

THIS cause, and the previous proceedings in it, are con- April 28th. tained in 4 Cowen's R. 667, and 1 Hopkins' R. 576.

THE CHANCELLOR:—This cause has been repeatedly before this court, and once before the Court of Errors. (4 Cowen's Rep. 667.) In pursuance of the order of this court, of the 25th of August, 1825, (1 Hopkins' Rep. 579,) made by the consent of the parties, a feigned issue was awarded, to determine the question whether the mortgage, which is the subject of controversy in this suit, was paid and satisfied to Hopkins, by Enos Cook the mortgagor. This issue was tried before Judge Throop, at the Onondaga circuit, in October, 1826; when the jury found that the mortgage had *been paid. A motion is now made by Hopkins for a new trial; which is submitted on written briefs, and the following points alone are relied on by the defendant's counsel;

*1st.* That Enos Cook was an incompetent witness for the plaintiff, on the ground of interest.

*2d.* That the verdict was against evidence.

[1] By secs. 398, 399, of the N. Y. Code, interest will not exclude a witness, unless he is a party, or the person for whose immediate benefit the suit is brought. See *Washington Bank* v. *Palmer*, 2 Sanf. L. C. Rep. 686.

Cook, who is insolvent, and by whom the mortgage was given to secure the payment of a previous bond, was called as a witness for the plaintiff, who had purchased his interest in the mortgaged premises under a judgment and execution. Being objected to by the defendant's counsel, the plaintiff executed to the witness a formal release of all claim which she had or might have against him on account of the mortgaged premises, and the judge then decided he was a competent witness. In this opinion of the circuit judge, I fully concur. The only interest which Cook could have, after the release, was an interest in the question, which would go to his credibility, and not to his competency. Under the particular circumstances of this case, it may be even doubtful whether his interest in the question is not equally balanced. It has been so repeatedly decided in our own courts that nothing but a direct interest in the event of the suit will disqualify a witness, that it is unnecessary to waste time in discussing that question. Cook's rights cannot be affected by the event of this suit. Even if the mortgage is ordered to be delivered up and cancelled, he will still be liable to Hopkins on his bond, or on his contract of the 26th of February, 1816; and the decree in this cause could not be given in evidence in his favor to defeat a recovery.

On the other point, I am fully satisfied with the verdict of the jury. This court undoubtedly has, in most cases, the right to determine the facts, without the intervention of a jury; and even after a feigned issue awarded and tried, may award new trials, until it is perfectly satisfied with the verdict. But on a mere question of fact, the court ought to be dissatisfied with the finding of the jury, or have some reason to believe injustice has been done, before it grants a new trial. So far from being dissatisfied with the verdict in this case, I think the court must have come to the same conclusion, if it *had decided the facts without the aid of a jury. The positive testimony of Cook is very strongly corroborated by that of Mosely and Sergeant, laying out

[*20]

of view the testimony of Giddings, whose credibility is somewhat shaken. The settlement made with Cook, in January, 1817, and the declarations made by him after he was insolvent, and when his property had been sold and bid in by the plaintiff under her judgment, can have but little weight, when placed in opposition to the positive testimony of the witnesses, and the common sense view of the contract of February, 1816, when neither party had any interest in giving a false coloring to that transaction.

On the whole, I am perfectly satisfied with the verdict, both on the question of law and the matters of fact; and a new trial is consequently refused.