## HORATIO HILL,

*vs.*

## JACOB A. HOOVER.

The Supreme Court has power to amend its records, according to the truth of the case, at a time subsequent to that at which the judgment is rendered.

When the judgment of the court was correctly entered upon the minute book of the clerk, in accordance with the opinion of the court on file, but the clerk had made a mistake in making up his record of the case, in entering the judgment, it was held that the court had power to correct or amend its record according to the fact.

The proper practice in amending a record is upon motion with due notice to the opposite party.

It is irregular and improper for the clerk to alter or amend a record, even upon the direction of a member of the court, without motion to the court, and notice to the opposite party.

THIS was a motion to restore the record to the condition in which it was prior to an amendment thereof made by the clerk. The facts and circumstances are fully detailed in the opinion of the court.

*James S. Brown,* for the motion.

*J. R. Brigham,* contra.

*By the Court,* COLE, J.　This is a motion on the part of Hoover to correct the record in this cause; or in the language of the motion, to remove an interpolation upon the record, made by the clerk, and to restore the record to its integrity.

In justice to the clerk of this court, it is necessary to state briefly the circumstances under which the change of the record was made.

This cause originally came to this court on an appeal from the Circuit Court of Milwaukee county.　In the order appealed from,

Hill vs. Hoover.

the Circuit Court had denied an application made to it, to set aside the sale made by the sheriff, of the mortgaged premises, and had also confirmed the sale thus made. The sale was sought to be set aside in the court below, on the ground of surprise upon Hoover, and also on account of inadequacy of the price bid for the premises at the sheriff's sale. Upon a consideration of the case at the last term of the court, a majority of the court were of the opinion that the evidence failed to make out a case which would justify the court in setting aside the sale, and that the Circuit Court very properly denied the application made for that purpose. At the same time, we were led to the conclusion that the proof of the publication of notice of sale, which was filed by the sheriff with his report of sale, was defective, and that so much of the order of the Circuit Court as denied the application to vacate the order of confirmation of sale, should be reversed.

The views of a majority of the court upon these several points were stated in the opinion of the court filed in the cause, (*ante*, *Hill vs. Hoover*), and the judgment of the court was, that the order of confirmation of sale be reversed, and the cause remanded for further proceedings. The clerk entered the judgment correctly upon his minute book, but in making up his record made a mistake and set forth the judgment of this court as *reversing the order of the Circuit Court denying the application to set aside the sale*, as well as reversing the order confirming the sale.

At the present term, the clerk, under the direction of a member of the court, corrected the record so as to correspond with the actual judgment given in the case, and the motion under consideration is, to restore the record as it stood before this correction.

In a case like the present, where there has been a manifest error of the clerk in entering up judgment, and where his minute book and the opinion on file show what the judgment of the court was, we have no doubt of the power of the court (upon a proper application), to correct its records, and make them to conform to the truth of the case, at a term subsequent to the one at which the judgment was rendered. It would be most extraordinary if this court could not correct a misprision of the clerk,

who had entered a judgment of affirmance when it had, in fact, been one of reversal.

Anciently, it was held that amendments of the record could only be made during the term in which the judicial act was done, but latterly a more liberal and reasonable practice has prevailed, and we believe the general current of authority is to the effect that clerical errors may be corrected even at a subsequent term. In the case of *Chamberlain vs. Crane* (4 *N. H. Rep.* 115), the court gave leave to amend the record where a judgment had been entered upon a wrong count at a term in 1817, even so late as in 1827, with a saving clause as to the rights of third persons. *Mechanics' Bank vs. Minthorn* (19 *J. R.* 244), is also a strong case, showing the extent to which courts will go to correct a mistake of the clerk. *See, also, Chichester & Van Wyck vs. Conde et al.,* 3 *Cow. Rep.* 39, *and note; Waldo vs. Spencer,* 4 *Conn. Rep.* 71; *Foot vs. Cady,* 1 *Root,* 173; *Atkins vs. Sawyer,* 1 *Pick.* 351–7; 5 *Blackf.* 223.

But we think the proper practice is to correct such mistakes upon motion with due notice to the opposite party. No motion was made in this case, in the first instance, to correct the error and we think it was improper for the clerk to do it, even at the direction of a member of the court.

The present motion must, therefore, be sustained.