## CRITES v. LITTLETON.

1. Appeal; IN AN ACTION OF REPLEVIN: SURETY CANNOT. A surety in a replevin bond cannot in an action of replevin instituted by his principal before a justice of the peace, prosecute an appeal in his own name, and have retried in the District Court the issues made and determined between his principal and the defendant, before the justice.

2. —— FROM RULING ON QUESTION INTERVENED BY SURETY. But it is conceded that cases might arise where the surety would have the right of appeal from a ruling upon a question *presented by him*, raising a defense growing out of his relation, and in no manner connected with nor dependent upon the rights or liabilities of his principal; for instance, one affecting his liability on the bond.

3. —— STATUTE CONSTRUED. Section 3917 of the Revision which provides that any person aggrieved by the final judgment of a justice of the peace, may appeal, has reference to those who are *parties to the action*, and not those remotely or directly affected by the result, who are not such parties.

*Appeal from Des Moines District Court.*

WEDNESDAY, JULY 31.

WILSON commenced his action of replevin before a justice of the peace, to recover the possession of a horse, against the appellant, Littleton, the appellee, Crites, being his surety on the replevin bond.

Before the justice, Wilson failed to appear and prosecute his action, and judgment was rendered against him and the said Crites, for the value of the horse. Thereupon, Crites appealed in his own name, and in the District Court the defendant moved to dismiss the appeal upon the ground that the surety, in a replevin bond, could not thus be heard to contest the judgment against him. This motion was overruled. There was a trial, and judgment in favor of Wilson, for the possession of

the horse, and of Crites for full costs. Motion for a new trial overruled, and defendant appeals.

*J. C. & B. J. Hall* for the appellant.

*Tracy & Newman* for the appellee.

WRIGHT, J. — The only question made on this appeal, is whether the surety could prosecute an appeal in his own name, and have retried in the District Court, the issues made and determined before the justice, between his principal and the defendant.

1. APPEAL: in an action of replevin: surety cannot.

The condition of the replevin bond, drawn in accordance with the requirements of the law, was, that Wilson should appear and prosecute his suit to judgment, return the property if a return should be awarded, and pay all damages and costs which might be adjudged against him. Rev. § 3554. This same section declares that a judgment against the plaintiff, for money, shall go also against the sureties.

The right to appeal by the surety is given, if at all, by section 3917, which provides that *any person aggrieved by the final judgment* of a justice of the peace, may appeal, etc. And now the question is, whether the surety can claim the benefit of this right.

It will be readily conceded that cases might arise when this right would be beyond dispute. Thus, if he should, before the justice, present a question as to his liability on the bond — a defense growing out of his relation, and in no manner connected with or dependent upon the rights or liabilities of his principal, and the ruling should be against him, he would certainly be "aggrieved" within the meaning of the law, and might appeal. But the case before us is different. He appeals, and claims the right to litigate with defend-

2. —— from ruling on question intervened by surety.

Crites v. Littleton.

ant, in his own name, the question of ownership to this property, after his principal has failed to appear and prosecute his suit, or to comply with any of the terms of his bond. Is not his position such that he must be concluded, in the absence of peculiar equitable circumstances, by the terms of his bond, and the non-action of his principal? Did he not, by his undertaking, agree to pay, if his principal should not, what might be adjudged against him, and can he compel the defendant to prove against him his right to the property? My first impression was in favor of the right claimed, and hence, to affirm the judgment below. Subsequent reflection has brought me to a different conclusion; and after giving to the subject my best thought, I believe the appeal should have been dismissed.

This conclusion results, it seems to me, fairly and necessarily from the language of the bond, and the relation which such a surety sustains to the principal. And the same is true if we consider the rights of the obligee. The surety's undertaking is not a primary one. He agrees to be bound for his principal, to pay if the principal does not. The principal is the party to the action, and he is not. If the principal consents to judgment, he is bound by it, in the absence of fraud. So, if he fails to appear, he is equally bound. If he can litigate his principal's rights in his absence, and without his knowledge, so he could against his express dissent. If he can appeal in his own name, as a matter of legal right, then the principal cannot retire from the litigation, nor settle the same.

" But, aside from this general view, what does the statute mean, when it says that " any party aggrieved may 3. —— statute appeal"? I answer, it must mean *parties to* construed. · *the action*, and not those remotely or directly affected by the result, who are not such parties. And in

this case the surety was no party to the issues joined; did not sue, nor was he sued. His name nowhere appears except in the bond, and the judgment which the law provides shall follow upon a certain contingency. And it cannot be that he is a *party* within the meaning of the section upon which counsel rely. And especially so, as an appeal might have been prosecuted by the principal. So too, the surety is not without remedy if there was fraud, or the judgment was the result of collusion between the parties, and he was prejudiced thereby. But he cannot, in my judgment, in his own name appeal and claim to relitigate the plaintiff's claim to the property. Plaintiff may be satisfied, and he has no right to say he is not. So too, a verdict in his favor, does not disturb that against the principal before the justice. And thus it would seem, that, though the surety stood upon the principal's rights, and not upon any peculiar to his relation, there would be conflicting recoveries, and the defendant would not have that judgment against the surety as well as against the principal, to which the law and the terms of the bond entitle him. Upon this subject, see *Martin* v. *Kanouse*, 9 Abb. Pr. 390; *State ex rel.* v. *Jones*, 11 Iowa, 11; *Phillips* v. *Shelton*, 6 Id. 545; *Hershler* v. *Reynolds*, 22 Id. 152; *Mills* v. *Hoag*, 7 Paige, 18; 8 Wend. 452; *Baggott* v. *Boulger*, 2 Duer, 160.

All the judges concurring, it is ordered that the ruling below on the motion to dismiss, and the judgment following, be

　　　　　　　　　　　　　　　　　　Reversed.