## Pierre A. Berthold *vs.* Patrick Fox & others.

### Sept. 11, 1874.

**Amendment of Judgment in Replevin.**—In an action of replevin, where the defendant has a verdict in the alternative, for a return of the replevied property, or for its value as assessed by the jury, in case a return cannot be had, but the clerk erroneously enters an absolute money judgment for the defendant, the district court may, in its discretion, amend the judgment so that it shall conform to the verdict.

**Same—Effect of Amendment.**—Such amendment is inoperative to affect the rights of third persons, not parties to the suit; but a clause saving such rights should be inserted in the order allowing it.

**Same—Notice Required.**—The application for such amendment being made by the defendant more than two years after the entry of judgment, notice of such application should be served upon the plaintiff; and service on his attorney is insufficient, where the attorney's only authority to represent his client is that implied in his retainer to prosecute the action.

**Duration of Attorney's Authority.**—The authority of an attorney implied in his retainer to prosecute or defend an action, ceases upon the entry of judgment against his client.

**When Surety in Replevin Bond cannot oppose Amendment of Judgment.**—One who, on behalf of the plaintiff, executes the undertaking required in an action of replevin, and, after judgment for defendant in that action, successfully defends, in another state, a suit upon the undertaking, on the ground that the erroneous entry of judgment in the replevin suit discharged him from liability on his undertaking, cannot afterwards contest a motion by defendant for the amendment of the judgment in the replevin suit, or appeal from the order granting it.

Appeal by plaintiff, and by one Schulenburg, from an order of the district court for Washington county, *Crosby*, J., presiding, allowing an amendment of a judgment.

*L. R. Cornman*, for appellant Berthold.

*McCluer & Marsh*, for appellant Schulenburg.

*H. N. Setzer* and *H. R. Murdock*, for respondents.

Young, J. The plaintiff brought this action to recover possession of a raft of logs, and obtained possession, pending suit, by means of the provisional remedy designated in the statute as claim and delivery, the undertaking required by law being executed by one Frederick Schulenburg. The defendants in their answer claimed a return of the property. A jury trial was had, resulting in a verdict as follows: "We,

the jury, find for the defendants, and for the return of the raft taken by the plaintiff; and in case a return can not be had, we find the value of the said raft to be $2,700, and damages for detaining the same to be $817.95, making a total of $3,517.95." Upon this verdict, a judgment was entered that the defendants recover of plaintiff the sum of $3,688.72, being the amount of the verdict with interest and taxed costs. This judgment was entered on June 18, 1870.

On November 2, 1872, the defendants' attorney served on L. R. Cornman, Esq., one of the firm of Cornman & Stickney, attorneys of record for the plaintiff in the action, a notice of motion that the judgment be so amended as to conform to the verdict, and to be in the alternative for the return of the property to the defendants, and, in case such return can not be had, then for the value thereof with damages, etc., as found by the verdict. This notice was returned by Mr. Cornman, for the reason, as stated by him in writing thereupon, that "neither the said firm of Cornman & Stickney, nor the undersigned, are attorneys for the plaintiff, Pierre A. Berthold, and that no such firm as Cornman & Stickney exists." At the hearing of the motion, Mr. Cornman appeared specially, and objected to the motion being heard, for the reason that the notice of the motion had only been served on him, and that his authority to act for the plaintiff ceased with the judgment. Mr. Cornman also read an affidavit, by which, and by the exhibits attached thereto, it appeared that on August 2, 1870, the defendants caused execution to be issued on the judgment, which was returned unsatisfied; that about March 1, 1871, the defendants brought suit in the circuit court for Polk county, in the state of Wisconsin, against Schulenburg, upon the undertaking before mentioned. That action was tried by the court, and resulted in a judgment for defendant Schulenburg, the court holding that the original judgment in this action was irregular, because it did not award a return of the property, as claimed in the answer; that by reason of

such omission, Berthold, the original plaintiff, had been deprived of the right of satisfying the judgment by return of the property, and the liability of Schulenburg had been correspondingly increased; that therefore Schulenburg, being a surety for Berthold, was discharged. Messrs. Baker & Spooner appeared at the hearing and opposed the motion, on behalf of Schulenburg. The court found, what does not seem to be disputed, that the only authority Mr. Cornman had to act for the plaintiff was the fact that he was one of the attorneys in the action, and that the irregularity in the entry of the judgment was caused by the mistake of the clerk; and ordered that the judgment be corrected in conformity with the verdict. The court also held that Schulenburg had no standing in court to oppose the correction. From this order, both Berthold the plaintiff and Schulenburg appeal.

At common law, the authority of an attorney to represent his client in an action ceased upon the entry of judgment; but for a year and a day thereafter he had authority to act for his client in enforcing the judgment by execution, etc. Com. Dig. Attorney, B. 10; 2 Inst. 378; 1 Tidd Pr. 93. By Gen. Stat. ch. 88, § 9, the attorney has authority to receive payment of the judgment, and upon such payment to enter satisfaction, within two years after entry of judgment. But neither the common law nor any statute continues after judgment the authority of the attorney for the defeated party, the judgment debtor, or the defendant in the judgment, as he is aptly styled.

After judgment entered, the judgment creditor may still need to use process of law to enforce collection, and it is proper that his attorney's authority should continue for this purpose, and for the purpose of opposing any steps that may be taken in behalf of the defendant to reverse the judgment by appeal, or in any way to prevent its collection. But after judgment, unless the defendant, by appeal or otherwise, seeks a reversal or modification thereof, or a stay of proceedings thereon, no reason is apparent why he should

be represented by attorney, or why the authority of his attorney in the action should be presumed to continue. All that remains to be done in the action is the enforcing of the judgment. The regular proceedings for this purpose are *ex parte*, and involve no previous notice to the defendant; and whenever service of any paper or process is required, it must be on the defendant personally, and not on his attorney. The execution issues of course, and a copy thereof is to be served on defendant personally. If the judgment requires the performance of any act other than the payment of money, or delivery of specific property, a certified copy is to be served on the party. The order for the examination after execution returned unsatisfied, as well as any orders in a proceeding for contempt, must be served on the judgment debtor personally. A judgment creditor may employ a new attorney to enforce the judgment, without any formal substitution or notice to the defendant, and this by the common law as well as by the statute. *Tipping* v. *Johnson*, 2 Bos. & Pul. 357; Gen. Stat. ch. 88, § 9; *Hinkley* v. *St. A. F. W. P. Co.*, 9 Minn. 55. In the cases cited by respondent, *Denny* v. *Russell*, 27 How. Pr. 130; *Miller* v. *Miller*, 37 How. Pr. 1, the service was made on the attorney for the successful party, the plaintiff in the judgment.

But assuming that the retainer of the plaintiff's attorney continues indefinitely until the fruits of the judgment are realized by his client, there is no reason for presuming that the defeated party continues the employment of an attorney, for whose services he can expect to have no use, there being nothing left to be done on his part but to satisfy the judgment, or show upon a supplementary examination his inability to do so. Of course, where the defendant's former attorney, or any other, takes any proceeding in his behalf, the attorney's authority is presumed, as well after judgment as before. And the defendant may employ a new attorney to prosecute a writ of error, without a formal substitution or notice. *Batchelor* v. *Ellis*, 7 Term Rep. 337. Section 12, ch. 88, Gen. Stat. by its terms applies only to cases where a party

changes his attorney before judgment. It can not be fairly inferred from § 14 of the same chapter, that after judgment the retainer of the defendant's attorney continues. Were such the case, then, by the terms of this section, should the attorney die after judgment, and before execution issued, no execution could issue, except on thirty days' notice in writing to the defendant to appoint a new attorney.

Although judgment may be entered on a verdict without notice, (*Piper* v. *Johnson*, 12 Minn. 60,) yet an application to amend a judgment after the term at which it was rendered, must be made upon notice to the adverse party. *Hill* v. *Hoover*, 5 Wis. 386; *Weed* v. *Weed*, 25 Conn. 337. The finding of the court in regard to Mr. Cornman's authority we understand to be confined to his authority to receive service of the notice of motion, and not to relate to his authority to appear specially, and object to the hearing of the motion, for want of proper service. As Mr. Cornman's retainer expired at the entry of the judgment, service upon him was not service upon his client, and the latter has not received the notice to which he is by law entitled. For this reason, the order appealed from by him must be reversed.

As the motion may be renewed upon sufficient notice, it may be proper to consider briefly the remaining points made by counsel. The district court, as a superior court with general jurisdiction, has full power, by the common law and by statute, to amend its records by correcting the clerical errors and misprisions of its clerk. Gen. Stat. ch. 66, § 104; *Eaton* v. *Caldwell*, 3 Minn. 140; *Hill* v. *Hoover*, 5 Wis. 386; *Chamberlain* v. *Crane*, 4 N. H. 115; *Mechanics' Bank* v. *Minthorne*, 19 John. 244; *Atkins* v. *Sawyer*, 1 Pick. 351; Freeman on Judgments, §§ 70, 71. The granting of such an application as the present rests in the sound discretion of the court; and its action will not be reviewed, unless that discretion is abused. *Bilansky* v. *State*, 3 Minn. 431; *Chichester* v. *Cande*, 3 Cowen, 51.

It is proper that the judgment of the court should conform to the verdict, and to the express requirement of the

statute; and, as a general rule, such an amendment as is asked in this case should be allowed, unless it would work injustice. But such amendment should in all cases be made with a saving of the rights of third persons, not parties or privies to the judgment. In any event, the law protects their rights; but it is proper that such saving clause should be inserted in the order for amendment. *McCormick* v. *Wheeler*, 36 Ill. 114; *Chamberlain* v. *Crane*, 4 N. H. 115.

If, through the mistake in the original entry of the judgment, Mr. Schulenburg was discharged from liability on his undertaking, the proposed amendment will not operate to revive that extinct obligation. For this reason, as well as for the reason that he is no party to this action, he had no right to be heard in opposition to the motion, or to appeal from the order allowing the amendment. See *Crites* v. *Littleton*, 23 Iowa, 205.

The appeal of Schulenburg is therefore dismissed; upon the appeal of Berthold, the order of the district court is reversed.