FREEMAN v. HART ET AL.

1. **Judgment Against Sureties on Appeal Bond:** JURISDICTION. The circuit court has jurisdiction of the persons and of the subject-matter to render a judgment against the sureties upon an appeal bond, when judgment is rendered against the appellant; (Code, 3594;) and if judgment is rendered for more than the penalty of the bond, it is erroneous only, and not void.

2. ———: EXCESSIVE: HOW CORRECTED. Where, on an appeal from a justice of the peace, an appeal bond was given for $50, and judgment was erroneously rendered against the surety therein for $152.82, and the surety had notice of such error within twenty days after the rendition of the judgment, he had an adequate remedy at law to correct the error, either by appeal, or by petition to the court filed within one year after the judgment was rendered, under § 3157 of the Code; and, this being so, a petition in equity filed more than two years after the rendition of the judgment, to restrain the collection thereof, was properly dismissed.

3. **Demurrer:** ADMITS ONLY THAT WHICH IS WELL PLEADED. A demurrer to a pleading admits only such allegations thereof as are well pleaded. Conclusions of law are, therefore, not so admitted.

*Appeal from Benton District Court.*

FRIDAY, SEPTEMBER 21.

ACTION IN EQUITY. The defendant, Hart, obtained a judgment in an action before a justice of the peace against one Verhaven, and the latter appealed therefrom to the circuit

court.   The appeal bond was in the penalty of fifty dollars, and was signed by the plaintiff as surety.   On the trial in the circuit court, judgment was rendered against Verhaven and the plaintiff for three dollars damages, and one hundred and fifty-two dollars and eighty-five cents costs.

The petition states that the plaintiff was not a party to the action, except as surety, as above stated, in the circuit court, and made no appearance therein.   "But the court, without authority, and by mistake, rendered judgment against the plaintiff for $152.82, on the 5th day of June, 1880."   "On the 24th day of June, 1880, plaintiff fully performed and discharged his undertaking and obligation in said appeal bond, by paying to the sheriff of Benton county, who then held an execution issued out of the circuit court on said judgment, the full amount of his obligation, to-wit, the sum of $50. That the plaintiff first learned of the mistake herein alleged about the 24th day of June, 1880; that the defendant, Hart, threatens and is about to sue out of the circuit court an execution on said judgment against plaintiff, and will do so if not restrained by injunction; that plaintiff has no adequate remedy at law."   The relief asked is that the injunction be made perpetual, and for general and equitable relief.

There was a demurrer to the petition, on the ground that the facts stated in the petition do not entitle the plaintiff to the relief demanded.   The demurrer was overruled, and defandants appeal.

*Gilchrist* and *Haines*, for appellant.

*Nichols* and *Burnham*, for appellee.

SEEVERS, J.—If the circuit court had jurisdiction over the plaintiff and the subject-matter when the judgment was rendered, then the demurrer was erroneously overruled.   The statute provides in relation to appeals from a justise of the peace as follows: "Any judgment in the circuit court against the appellant shall be en-

1. JUDGMENT against sureties on an appeal bond: jurisdiction.

tered up against him and his sureties jointly." Code § 3594. Counsel for the appellee properly concede that the circuit court had the jurisdiction and power to render a judgment against the plaintiff for fifty dollars.

The plaintiff in the action might not have been entitled to judgment for that amount. The court then had the undoubted power to determine the amount for which judgment should be rendered. This being so, it necessarily follows that the court committed a grave error in rendering judgment against the plaintiff for an amount greater than the penalty of the bond. But the judgment so rendered was not void for want of jurisdiction. It was a valid judgment, at least to the extent of fifty dollars. The question, then, is whether the plaintiff has pursued the proper remedy to get rid of the erroneous portion of the judgment.

The appellee says he has, because he was not a party to the action, and had no right to move the court for its correction, **2. ——: ex-** apply for a new trial, or appeal therefrom. But **cessive: how corrected.** is this so? Counsel for appellee cites and relies on *Crites v. Littleton*, 23 Iowa, 205; *Partridge v. Harrow*, 27 Id., 96; *Barthell v. Roderich*, 34 Id., 517. In the two last cases the error or mistake was not discovered until after the time to move the court to correct the error, or apply for a new trial at law or under the statute, had expired. Therefore, the aggrieved party was remediless, unless he could obtain relief in equity. Not so in the case at bar, for the plaintiff had knowledge of the amount of the judgment within twenty days after it was rendered. The case first cited was an action of replevin, commenced by one Wilson before a justice of the peace. The plaintiff signed the replevin bond as surety. Wilson failed to appear and prosecute the action, and judgment was rendered against him and Crites for the value of the property taken under the writ. Crites appealed in his own name. A motion to dismiss the appeal was overruled, and, on a trial of the merits of the action, a judgment was rendered in favor of Wilson. Upon appeal to this court,

it was held that Crites could not appeal, and that the court erred in overruling the motion to dismiss the appeal. This decision was made on the ground that Crites could not appeal for Wilson, nor could he appeal the main action and have the merits of the controversy between Wilson and the defendant retried on the appeal.

This decision we believe to be correct. But it was said in that case by Wright, J., that cases might arise when the right of the surety to appeal would be beyond dispute, as in the case of a defense growing out of the right of the surety "in no manner connected with or dependent upon the right or liabilities of his principal, and the ruling should be against him, he certainly would be 'aggrieved' within the meaning of the law, and might appeal."

This fully meets the case before us. Besides this, as the court had jurisdiction to render the judgment, it seems to us to follow that the party against whom it is rendered must have the right to move its correction, or appeal therefrom, for his own protection; that is, for the correction of an error which affected himself only, and which in no manner affected the merits of the action.

It is probable an appeal would have been ineffectual, because no exceptions were taken. But the judgment was evidently irregularly obtained, and was rendered by mistake. The circuit court had the power to correct the error, (Code, § 3154,) if a proper and sufficient petition had been filed within one year after the judgment was rendered. Code, § 3157. The plaintiff had knowledge of the excessive judgment long before the expiration of the year. He clearly was "aggrieved" by the erroneous judgment, and under the statute the person against whom a judgment is rendered, as before stated, may avail himself of the remedy therein provided. The plaintiff failed to pursue such remedy, and commenced this proceeding more than two years after the rendition of the judgment.

It is fundamental that equity will not enjoin the collection of a judgment at law where the legal remedy is full, ample

and complete, unless, possibly, there has been fraud, accident or surprise, without fault or negligence on the part of the complaining party.

It is, however, insisted by counsel for the appellee that as the averment in the petition that he had fully performed all obligations incurred under the bond must be regarded as admitted by the demurrer, he is therefore entitled to the relief asked. But a demurrer only admits that which is well pleaded. Now, whether the plaintiff had performed such obligation depends on the facts pleaded, and not on the legal conclusions drawn therefrom by the pleader.

**3. DEMURRER:** admits only matter well pleaded.

REVERSED.