# Cases

# FIRST DEPARTMENT,

AT

## GENERAL TERM

### October, 1883.

---

CHARLES M. WUNDERLICH and HENRIETTA WUN-
DERLICH, his wife, Respondents, v. LOUIS REIS, KARO-
LINE REIS and LOUIS ROOS, Appellants, Impleaded with
WILLIAM WIPFLER.

*Renewal of lease — when the liens existing against the old lease may be enforced
against the new one — a mortgagee of the leasehold interest is entitled to the benefit
of the renewal.*

June 19, 1860, W. B. Astor leased certain premises in the city of New York to
one Hertfelder for the term of twenty years and two months. The lease con-
tained no covenant of renewal, but authorized the lessee to remove any
building upon the premises provided it were entirely removed ten days before
the expiration of the lease. Hertfelder erected a building upon the lot, and
thereafter, in 1872, the lease was assigned to William Wipfler and Elizabeth,
his wife, who on the same day gave a bond and mortgage thereon to secure
a portion of the purchase money, which were subsequently assigned to the
plaintiffs. January 14, 1880, the trustees of Astor, who was dead, gave a
new lease of the premises to Wipfler and his wife, who at that time still
owned the old lease and were in possession of the premises. March 17, 1880,
Wipfler and wife assigned the old lease subject to mortgages, including that
of the plaintiff, to Jacob Muller, who on April 9, 1880, assigned the same
subject to the same mortgage, to the defendant, Caroline Reis.
It appeared that the lease by the trustees was given because the lessees were
the owners of the former lease and in possession thereunder, and had the
right under its terms to remove the building from the lot, and that under such

circumstances there existed a usage established by Astor and practiced by the trustees to grant new leases.

*Held,* that the plaintiffs, as mortgagees, were entitled to the benefit of the new lease, and that their mortgage should be declared a lien thereon.

APPEAL from a judgment of foreclosure, in favor of the plaintiffs, entered upon the trial of this action by the court at Special Term.

*Jacob A. Gross,* for the appellants.

*August C. Hassey,* for the respondents.

DAVIS, P. J.:

On the 19th of June, 1860, the late William B. Astor, being the owner of certain premises in the city of New York, executed to one George Hertfelder a lease thereof for the term of twenty years and two months, from the first day of March, 1860. The lessee thereafter erected a five story brick building on the premises, which building is still remaining on the lot, and is worth from six to ten thousand dollars. On February 1, 1867, the lease and building were assigned in due form to one Christian Rado, who, on the 6th of February, 1872, sold and assigned the said lease and property to William Wipfler and Elizabeth, his wife, who on the same day executed to said Christian Rado the bond and mortgage sought to be foreclosed in this action, which were given to secure a part of the consideration or purchase-money expressed in the assignment by Rado to them,

On March 3, 1873, the said Christian Rado assigned the said bond and mortgage to the plaintiffs, who still hold and own the same; and there is due and unpaid thereon the sum of $3,500 and interest. Mr. Astor died prior to January 14, 1880, and by his will duly probated, the fee of said leased premises was vested in the trustees appointed by said will who are devisees thereof for the purposes of the trusts created by said will. On the 14th of January, 1880, the said trustees executed and delivered to the defendants, William Wipfler and Elizabeth, his wife, a lease of the same lot, demised by the above mentioned lease of Mr. Astor.

The lease by the said trustees was executed and delivered to said Wipfler and wife while they were owners and holders of the lease firstly described and in possession of the leasehold premises. On the 17th of March, 1880, Wipfler and wife made an assignment of

the lease made by said Astor, subject to mortgages, amounting in the aggregate to $9,000, to one Jacob Muller; and on the 9th day of April, 1880, the said Muller made an assignment of said lease subject to the same mortgages to the defendant Caroline Reis. The lease by the trustees to Wipfler and wife does not appear to have been assigned. The original lease did not contain any covenant of renewal. It contained, however, a covenant that the lessee "shall be at liberty to remove the building standing on said lot at the end of the term hereby demised provided the same shall be entirely removed ten days before the expiration of this lease and not otherwise."

The contention of the defendants is that the mortgage sought to be foreclosed is not a lien on the leasehold created by the lease from the trustees of Astor's estate.

It sufficiently appears in the case that the lease by the trustees was given because the lessees were the owners of the former lease and in possession of the premises thereunder, and of the building standing thereon, with a right to remove the same, in accordance with the provisions of the lease. These rights were expressly subject to the mortgage. It was the custom or usage of Mr. Astor to give new leases under such circumstances to owners and occupants under the former lease, and the trustees have continued that usage. There can be no doubt but that the new lease was obtained by the lessees by reason of their relation to and their rights under the old one. The principle governing the case was enunciated by Chancellor KENT in *Holdridge* v. *Gillespie* (2 Johns. Ch., 30), where a lease held as security by a third party was surrendered by the lessee and a new lease taken for a new term. It was held that a new lease inured to the benefit of the pledgee.

And in *Slee* v. *The Manhattan Company* (1 Paige, 48) the Chancellor held that when a mortgagee obtains a renewal of a lease or other advantage, in consequence of his situation as such mortgagee, the mortgagor coming in to redeem is entitled to the benefit thereof. That case establishes that if the trustees had executed a lease to the present plaintiffs because they were holders of the mortgage now in suit, the present defendants would be entitled to redeem the mortgage and take the new leasehold estate.

In *Phyfe* v. *Wardell* (5 Paige, 279) it was held that where it was

the usage to renew to a tenant who held under a lease without covenant of renewal, equity would take cognizance of the vendible interest in an imperfect right of renewal and regard a subsequent lease as a renewal of the former one, to protect equities; and the Chancellor laid down this general rule: "If a person who has a particular or special interest in a lease, obtains a renewal thereof from the circumstance of his being in possession as tenant, or from having such particular interest, the renewed lease is in equity considered a mere continuance of the original lease, subject to the additional charges upon the renewal, for the purpose of protecting the equitable rights of all parties who had any interest, legal or equitable, in the old lease." And see *Gibbes* v. *Jenkins* (3 Sandf. Ch., 131), *Phyfe* v. *Wardell*, and *Gibbes* v. *Jenkins*; which cases are cited with approval in *Mitchell* v. *Reed* (61 N. Y., 123), where EARL, Commissioner, says that the principle governing the cases "springs from the fact that the party obtained the new lease from the position he occupied, being in possession and having the good will which accompanies that, or being connected with the old lease in some way, and thus enabled to take an inequitable advantage of other parties, also interested, to whom he owed some duty."

We think the principle of these cases is applicable to and controlling of the case before us. The authorities cited by the counsel for the appellant are distinguishable in principle and do not disturb the equitable rules established in the cases above cited.

From the facts appearing in the case it is doubtful whether the parties who appeal have any interest in the controversy. It does not appear that they are assignees of the new lease or of anything more than the rights and interest of Wipfler and wife in the original lease. They seem to make some claim as such assignees, to the new lease, but the assignment to them of the old lease was expressly subject to the plaintiff's mortgage, and if they are able to work out an equitable title to the new lease on the basis of that assignment, their equity is certainly by the assignment itself charged with the lien of the mortgage.

We think the judgment right. It should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.