ANDREW MARTIN v. ELIZA J. REESE, *et al.*, Appellants.

**Opening Default.** There was no abuse of discretion in denying a motion to excuse and set aside a default on the ground that the failure of defendants to enter their appearance was cause "by some accident or oversight" on part of their attorney, where the affidavit failed to show what caused the alleged accident or oversight, or what care was taken to avoid such result.

SAME. A defendant who asks to have his default set aside must plead issuably, and also present a reasonable excuse for the default.

*Appeal from Polk District Court.* --HON. T. F. STEVEN-
son, Judge.

TUESDAY, MAY 24, 1898.

THIS is an action commenced August 14, 1895, on
two promissory notes secured by mortgage, and asking
judgment and decree of foreclosure. September 16,
1895 (it being the seventh day of the term), upon legal
notice given, a default was entered, and judgment and
decree given accordingly. Thereafter, and on the
twentieth day of September, 1895, the defendants filed a
verified answer; and on the twenty-eighth day of
October, 1895, they filed a motion, supported by affi-
davit, to set aside the default and decree because the
same was erroneous, and because of facts appearing in
the affidavit attached to the motion. Thereafter the
defendants filed an amendment to their answer, and the
court afterwards overruled the motion, and the defend-
ants appealed.--*Affirmed.*

*Balliet & Stahl* for appellants.

*Phillips & Brennan* for appellee.

GRANGER, J.—The arguments deal largely with the
case on its merits, as indicated by the issues made by
the pleadings. We first meet the question whether the
affidavit excusing the default is sufficient. In
such a case the party asking to have a default set
aside must plead issuability, and also present a
reasonable excuse for the default. *Joerns v. La Nicca,*
75 Iowa, 705. In such a case we do not interfere with

the action of the trial court except in clear cases of abuse of discretion. *Rogers v. Cummings*, 11 Iowa, 459; *Marsh v. Colony*, 36 Iowa, 603; *Browning v. Gosnell*, 91 Iowa, 448. The showing of excuse for the default is by the following affidavit: "I, W. H. McHenry, on oath, do state that I am the attorney for the defendants in the above-entitled cause of action; that I intended and attempted to enter my appearance on the calendar of this court in each case in which I was representing the defendants, so as to get the ten days allowed for pleading by the rules of this court; that by some oversight I failed to get my name entered for the defendants in this case; that I made a list of my cases in which I was to enter my appearance, and went to the court house, and did enter my appearance in all of said cases, except that by some accident or oversight I omitted this case; that believing that I did enter my appearance in this case, and in compliance with the rules of this court, I did on the twentieth day of September file the answer of the defendants in this case, which is hereby referred to, and made a part of this motion. W. H. McHenry." It is not to be said that the affidavit is such a conclusive showing of diligence that it was error not to so find. It does not appear what caused the accident or oversight, or what care was taken to avoid such results. All that is said in the affidavit can be true, and the accident or oversight be the result of negligence. Admitting that the court might have found diligence from the affidavit, it does not follow that it should have so found. There was certainly no abuse of discretion in denying the motion, and the judgment must stand AFFIRMED.