C. M. HAAS et al., Appellees, v. CARL C. NIELSEN, Appellant.

**JUDGMENT: Action to Vacate—Belated Plea of Fraud.** A timely petition for the vacation of a judgment on the ground that the stipulation on which the judgment was rendered was wholly unauthorized, may not, after the lapse of one year after the rendition of the judgment, be so amended as to inject the issue of fraud as a basis for such vacation. (Sec. 12790, Code of 1924.)

Headnote 1: 34 C. J. p. 491.

*Appeal from Palo Alto District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 15, 1925.

AN action in equity to set aside a judgment, tried to the court. The petition was refused, and defendant appeals.—*Affirmed.*

*McCarty, McCarty & Smith,* for appellant.

*E. A.* and *W. H. Morling,* for appellees.

ALBERT, J.—Messrs. Haas and Hardin, being the owners of 539 acres of land, leased the same to Nielsen for a period of one.year after March 1, 1922. Before the first of March, 1922, Haas and Hardin brought an action to cancel the lease, and for an injunction restraining Nielsen from interfering with their possession. An answer and cross-petition was filed. A stipulation of settlement was made by attorneys for the respective parties, and judgment was entered against Nielsen on January 10, 1923. On January 27th following, Nielsen filed a motion to set aside the judgment, on the ground that his attorney had no authority to settle the case or waive any rights or sign the stipulation for him. On the 21st of March, 1923, the court overruled this motion, on the ground that it was filed after the adjournment of the term, and that the application should be made by petition, under Section 4091 *et seq.,* Code of 1897. On December 6, 1923, appellant filed a verified petition to set aside the judgment. In this petition he refers to the original judgment; alleges that the same was based on stipulation of settlement entered into by the attorneys for the respective parties; attaches a copy of the stipulation of settlement and of the judgment entry; says that the attorney representing him, who signed the stipulation, had no authority whatever to compromise, settle, or waive any of the rights or claims of the appellant which were involved in the case; and says that he has a good defense to the claim set out by appellees, and did have such defense at the time the stipulation of settlement was signed. He asked that the stipulation and judgment be annulled, vacated, and set aside, and that the original case be opened and a trial on its merits granted. Notice of this petition was duly served on the 14th day of December, 1923. On March 12, 1924, appellant filed an amendment to his petition to set aside the judgment, the substance of which is that a fraud was perpetrated on the court when the stipulation referred to was presented to the court, in that the court was induced to enter judgment based on said stipulation, supposing that the attorneys whose signatures were attached thereto had authority to act and so sign

for their clients, and that, had the court been informed otherwise, it would not have entered judgment on said stipulation; that fraud, actual or constructive, was therefore perpetrated upon the court; and that said stipulation and judgment are void.

Attorneys appearing for appellant in the present matter were not attorneys in the case at the time the stipulation and original judgment entry were made.

Appellees moved to strike the above amendment, because it was filed more than one year after the judgment entry, and was, therefore, barred by Chapter.1, Title XX, Code of 1897. This motion to strike was overruled. The case was then tried to the court.

The evidence, generally speaking, shows that Nielsen employed an attorney to attend to his case. The matter did not come on at the fall term at the time expected, but was set specially for the January term, 1923. Before this term commenced, Nielsen's attorney wrote him, telling him to be sure to be in attendance on the first day of the term, giving him the date thereof. This letter, however, did not reach him until after the judgment had been entered, the same having miscarried in the mail. On the day before the case was set for trial, Nielsen received a telegram, advising him that his case was on trial the next morning. There is some dispute in the testimony as to whether or not he answered this telegram with his presence, and, under his own testimony, he did not get there until the afternoon of the next day,—his attorney claimed that it was two or three days afterwards; but, however this may be, when he arrived, he did not find his lawyer. He made inquiry of the clerk of the court, who advised him that his case had been settled. He subsequently employed other attorneys, who started proceedings to have the judgment set aside, as heretofore related.

It is conceded, for the purpose of the case, that appellant had a good defense to the action; and it must be held, under the evidence, that Nielsen's attorney had no right to stipulate a settlement for him. As heretofore noted, the judgment was entered on January 10, 1923. The January term of court adjourned on January 24, 1923, and the first motion to set aside

the default was made on January 27th following. This explains the ruling of the court first referred to. It is quite obvious that the rule governing motions to set aside defaults has nothing to do with this case, because no default was entered in it. It is insisted in argument that the attorney had no authority to make such stipulation and permit judgment to be entered accordingly; that, by his presenting the stipulation to the court and representing himself to be so authorized and inducing the court to enter judgment in accordance therewith, a fraud was perpetrated on the court.

Section 4091, Code of 1897, provides for vacation and modification of judgment, and among the other grounds therein specified is:

"2. For fraud practiced in obtaining the same."

If what the attorney here did amounts to practicing a fraud on the court, then the appellant's right to relief charging the same is marked out and controlled by the aforesaid section of the statute. He made no such issue in his original petition. He did do this by way of amendment, but the amendment setting up this issue was not filed until after the expiration of one year from the date of judgment. Under Section 4094, Code of 1897, a petition on these grounds must be filed within one year. As above stated, this was not done in this case; and, as the charge of fraud on the court is the only ground specified in the statute for setting aside or vacating a judgment on which appellant relies, it must follow that the same was not filed in time. The evidence fully shows that the appellant had full knowledge of all these facts a few days after the entry of the original judgment. This being true, it was his duty to pursue the remedy marked out by the statute, and he cannot have equitable relief against said judgment. *Freeman v. Hart,* 61 Iowa 525. The ruling of the district court was right, and is, therefore, affirmed.—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.

EVANS and MORLING, JJ., not participating.