W. J. WADE, Appellee, v. ELI J. SWARTZENDRUBER et al., Appellants.

JUNE 26, 1928.

638

*S. K. Stevenson* and *E. E. Collins*, for appellants.

*Hatter & Harned*, for appellee.

Kindig, J.—There is but one question involved here, and that is as to whether or not a default judgment should be set aside, under the facts and circumstances revealed in this record.

For an understanding of the problem, a somewhat complete statement of the historical facts is imperative. Chronologically, the events are: The appellee, Wade, prior to the commencement of the action at bar, executed a note for $3,000, which was secured on land then owned by him. Subsequently, appellee sold the incumbered real estate to the appellant Swartzendruber, who assumed and agreed to pay the mortgage indebtedness. Then, following this, appellant Swartzendruber disposed of the farm to one Yoder, who also "assumed and agreed to pay" the same indebtedness. Thereafter, on November 5, 1925, C. J. Polke, the holder of the security contract, foreclosed it on the realty, and obtained judgment against appellee, Wade, appellant Swartzendruber, and the said Yoder. Special execution was duly issued, and the security sold, leaving an unsatisfied deficiency judgment in the amount of $971.88, with interest and costs. Swartzendruber, the appellant, and Yoder failed to pay this balance. Therefore, appellee, Wade, paid the amount of the deficiency judgment to Polke, and took an assignment thereof in writing, in accordance with the provisions of Section 11667 of the 1924 Code. Appellee, after thus obtaining the judgment, caused execution to issue thereon, January 27, 1927, and the sheriff thereunder levied upon the partnership or jointly owned personal property of appellants Swartzendruber and King. That was done in accordance with the two following sections of the 1924 Code, which contain these provisions:

"11680. When an officer has an execution against a person

who owns property jointly, in common or in partnership with another, such officer may levy on and take possession of the property owned jointly, in common or in partnership, sufficiently to enable him to appraise and inventory the same, and for that purpose shall call to his assistance three disinterested persons, which inventory and appraisement shall be returned by the officer with the execution, and shall state in his return who claims to own the property.''

''11681. The plaintiff shall, from the time such property is so levied on, have a lien on the interest of the defendant therein, and may commence an action by equitable proceedings to ascertain the nature and extent of such interest and to enforce the lien; and, if deemed necessary or proper, the court or judge may appoint a receiver under the circumstances provided in the chapter relating to receivers.''

Inventory and appraisement were timely and fully made, according to the legislative requirements. Hence, on January 31, 1927, appellee, in order to enforce his lien, commenced the present action, as plaintiff, for the purpose of ascertaining Swartzendruber's interest in the partnership or jointly owned property, as required by the above-quoted statutory enactments. In that proceeding, the appellants Eli J. Swartzendruber, D. B. King, Swartzendruber & King, and Security Savings Bank of Wellman, Iowa, were defendants.

By way of remedial relief, the petition therein contained a prayer for the appointment of a receiver, in accordance with Code of 1924, Section 11681, before set forth. Appellant Swartzendruber made resistance thereto; but, notwithstanding this, the ''receiver,'' Fred Hess, appellant, was named. He qualified, and took possession of the partnership or joint property. February 11, 1927, an appeal to the Supreme Court was taken by Swartzendruber from the action of the district court in making this appointment. This ''appeal'' was dismissed by us on July 1st of that year, because of appellant's failure to serve the necessary notice on an interested co-party.

During the pendency of the ''appeal,'' Swartzendruber recognized that the main action was not removed to this court, but still remained in the district court; for, on April 8th of the same year, he filed his motion requiring that appellee's petition

be made more specific. Confession was made thereof, and amendment filed in compliance with appellant Swartzendruber's demand. Still continuing in his recognition of the existence of the principal action in the district, as distinguished from the Supreme, Court, appellant Swartzendruber, on April 22d, filed in the trial court another motion in this cause, to discharge the deficiency judgment on the theory that the same was extinguished by the assignment thereof to appellee, Wade. Said "motion" was overruled May 16, 1927.

Thus Swartzendruber permitted the matter to stand, without further pleading. So, on June 7th, default for want of answer was entered in the main cause against him in favor of appellee, and judgment and decree rendered thereon in aid of the execution concerning the lien, and ordering the sheriff to act accordingly.

Following this, Swartzendruber, on June 20th, filed his motion (which was amended on June 21st), to set aside the "default" and the judgment and decree rendered thereon. With this an answer was not tendered; but the application was accompanied by affidavits alleging Swartzendruber's defense to the original judgment of November 5, 1925 (to aid in the execution of which appellee obtained the secondary and auxiliary judgment of June 7, 1927, wherein it is sought to set aside the default), was procured by the fraud of one Eardley Bell. To put the thought in another way, Swartzendruber contends that he is entitled to have the default in the auxiliary proceedings set aside, for the reason that the judgment on which the execution issued has no validity because of the fraud. Because the district court failed to grant the relief and set aside the default, appellant Swartzendruber perfected this appeal. Such is the controversy confronting us.

I. Certain legislative enactments are fundamental: First, concerning the conditions on which default judgment may be rendered; and second, regarding the contingency serving as a prerequisite for setting the same aside. They are the following provisions of the 1924 Code:

"Section 11587. If a party fails to file or amend his pleading by the time prescribed by the rules of pleading, or, in the absence of rules, by the time fixed by the court, or if, having

pleaded, his petition, answer, or reply on motion or demurrer is held insufficient, or is stricken out, and he fails to amend, answer, or reply further as required by the rules of or by the court, or if he withdraws his pleading without authority or permission to replead, judgment by default may be rendered against him, on demand of the adverse party, made before such pleading is filed.''

''Section 11589. Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term.''

We assume, without deciding, that Swartzendruber set forth ''a reasonable excuse'' ''for having made such default,'' and our inquiry is directed to the sufficiency of the ''affidavit of merits,'' as required by the Code.

II. At the outset, it is to be noted that, in the ''motion'' to set aside the default and ''affidavit of merits'' filed therewith, Swartzendruber was not willing to plead ''issuably and forthwith,'' as required by Section 11589, supra; but he, in those documents, contrary to the statutory mandates, arbitrarily told the district court how and in what manner and way the defense would be interposed. And in further disobedience of those express requirements, Swartzendruber sought to prevent the court from compelling him to ''plead forthwith,'' by declaring to that tribunal that he would do this when his ''appeal to the Supreme Court [in relation to the appointment of the receiver, before mentioned] is finally heard and determined, and said cause sent back on procedendo.''

Over the indefinite date thus fixed, the district court had no control, nor did it have the right to specify or determine the same. Under that condition of the record, the trial court would have to ignore Swartzendruber's ''motion'' and ''affidavit of merits,'' rather than conform therewith in requiring him to ''plead issuably and forthwith.''

III. A more serious defect in the ''motion'' and ''affidavit of merits,'' however, is found in the defense offered by appellant

as "issuable." It is that, when the original action was brought to foreclose the mortgage which resulted in the judgment in which execution here issued, Swartzendruber employed one Eardley Bell, Jr., a lawyer, to appear and defend in his behalf,  and while relying upon Bell's promise to do his duty in that regard, Swartzendruber paid no further attention to the litigation. Yet, notwithstanding this, Bell merely entered his appearance in that former cause, and then deserted appellant. More than this, the attorney, according to Swartzendruber's affidavit under review, filed no pleadings on behalf of his client, but, on the other hand, did forsake him, and present an answer and cross-petition for appellee, Wade, resulting in the original judgment of November 5, 1925. Material allegations in that answer and cross-petition in behalf of appellee, according to Swartzendruber's sworn statements, were false and untrue. Wherefore, Swartzendruber now urges that he "pleaded issuably" in the case at bar, because he stated in said "affidavit of merits" the fraud aforesaid, relating to the first judgment, and that such would be his defense to the present action to enforce execution on the fraudulently obtained first judgment, in the event the default in the present auxiliary proceedings were set aside.

Parenthetically it is recalled that fraud is not alleged to have been perpetrated in procuring the default judgment here sought to be set aside, but rather, in obtaining the original judgment from which the execution issued that gave rise to the present auxiliary proceedings. The idea of appellant is that the execution and its auxiliary machinery would necessarily fail if the judgment upon which it is founded has no validity. Did Swartzendruber thereby state a defense? We are constrained to answer in the negative, for nowhere in the "affidavit" does it appear that the original judgment of November 5, 1925, was rendered within one year before the motion to set aside the default was filed. Forsooth, the contrary is evident from the record in the various proceedings before us. See *Swartzendruber v. Polke*, 205 Iowa 382.

Manifestly, then, legal proceedings to vacate the same cannot now be instituted. Consequently, there being no right to declare void said original judgment for fraud practiced in ob-

taining the same, then, in that event, when execution is issued thereon, a defense does not exist because of any such alleged invalidity as the basis to set aside the default in the secondary and auxiliary remedial proceeding now before us. Section 12790 of the 1924 Code constitutes a bar against Swartzendruber's attack on the original judgment—for fraud practiced in obtaining the same. That enactment is:

"No such petition [to vacate or set aside the judgment for fraud] shall be filed after one year from the rendition of final judgment."

*Haas v. Nielsen,* 200 Iowa 1314.

IV. Moreover, appellant had knowledge of the alleged "fraud" within a year after the entry of the original judgment. This information is sufficient to, and will, prevent not only legal, but also equitable, relief. *Haas v. Nielsen,* supra. Such equitable remedy was denied Swartzendruber by us in *Swartzendruber v. Polke,* supra.

Resultantly, this particular phase of the matter has been adjudicated. Necessarily, then, the "affidavit of merits" contained no "issuable defense" against the original judgment, and, as must conclusively follow, no ground can thereby be laid to set aside the present default.

V. Lacking this defensive matter, the record before the trial court would not justify it in granting Swartzendruber the relief prayed, but rather, on the other hand, such showing fully warranted that tribunal in confirming the default. *Shaffer v. Morgan,* 188 Iowa 772. See *Boody v. Sawyer,* 201 Iowa 496; *Upmier v. Freese,* 199 Iowa 405; *Martin v. Reese,* 105 Iowa 694.

VI. However, appellant argues that, although the above and foregoing rules and principles may be sound, nevertheless he is entitled to have this particular default set aside for the reason that, at the time it was entered, his appeal from the action of the district court appointing the receiver was pending here. From this premise he reasons that the trial court had no jurisdiction of the cause, pending our review thereof.

To this proposition there are at least two answers. These are;

644

Answer No. 1: Even after the appeal, and while the same was pending, appellant himself proceeded in this cause before the trial court in such a way as to invoke jurisdiction in the premises. His prayer was for the court to continue assuming control and grant the desired redress. Reference is now made to the motion for more specific statement, and that to set aside the original judgment. In the first instance, appellant was successful, and in the second, he failed. Yet in both, at his own request, the court did assume jurisdiction of the pending cause. Due to this, Swartzendruber is not in a very good position to say that the litigation was not still pending in the court below; and

Answer No. 2: While it is true an appeal was taken from the order of the court appointing a receiver, yet this was not the real matter in dispute, but rather, it was a mere step therein. Execution had issued on the original judgment, and this proceeding was started in aid thereof, under Code Sections 11680 and 11681, supra, in order to perfect appellee's lien on the partnership or jointly owned property held by Swartzendruber and King. Permission contained in those statutory provisions to appoint a receiver, under certain circumstances, is additional to the other methods thereby provided for enforcement of the lien. Such "lien" is acquired by the levy, not through the receivership; because the latter is for administration purposes only. As a matter of fact, the receivership proceeding in this suit became entirely immaterial at the time the default attacked was actually entered, and the quarrel over the appointment of the receiver in fact became moot; for both parties at all times conceded the interest of the other in and to the property levied upon, and, in fact, under written stipulation, Swartzendruber deposited money, in lieu of the chattels, pending the determination of this equity cause. Accordingly, the sheriff was instructed to take possession of the proceeds, for the purposes of the execution, and the receiver was discontinued by the district court.

Of necessity, then, the lien contemplated under Sections 11680 and 11681, supra, was perfected without and in disregard of the receivership. A mere remedial order or matter of proceeding was appealed from, and because of this the entire cause of the district court was not stayed, for the reason that

there could be, and was, in fact, a final judgment establishing a lien without the receivership. We do not decide whether or not the so-called appeal meets the test giving rise to that right, but assume it. However, in this regard see *Schoenhofen Brewing Co. v. Giffey*, 162 Iowa 204, and *Northwestern Trading Co. v. Western L. S. Ins. Co.*, 180 Iowa 878.

Clearly, appellant Swartzendruber was in default for want of a pleading, and under the circumstances, we do not feel justified in interfering with the action of the trial court in refusing to set the same aside.

The judgment and decree of the trial court, therefore, is affirmed.—*Affirmed*.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.